**Samuel Harrison JEWELL**

v.

**The UNITED STATES of America.**

**Civ. A. No. 10181.**

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 4, 1967.

Hester & Hester, Charles O. Baird, Jr., Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

SIDNEY O. SMITH, Jr., District Judge.

This is an action in which plaintiff, a prisoner in the Federal Penitentiary, sued the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671–2680. Plaintiff claims that he was ordered to operate a dangerous machine even though he had been under medical care for an illness accompanied by dizziness and blackouts. Plaintiff alleges that the proximate cause of

his injury was the negligence of the personnel at the prison hospital, even though the actual injury occurred while he was operating an electrical saw in the carpenter shop at the penitentiary.

In making this Motion to Dismiss, defendant contends that plaintiff's injury is compensable under 18 U.S.C.A. § 4126, which was held to be an exclusive remedy under United States v. Demko, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966). Plaintiff's opposition to this motion seems to rest upon two similar but distinguishable grounds. (1) The exclusive remedy language in Demko actually has reference to an election of remedies. (2) Even if Demko is based upon an exclusive remedy holding, it is distinguishable as the plaintiff's complaint in this case is based upon negligence outside his prison employment.

Plaintiff initially argues that the only holding in Demko was: "where an inmate, in Federal custody, has been awarded compensation for an injury under 18 U.S.C. 4126 he cannot later file a Federal Tort Claim case for the same injuries," i. e., Demko is an election of remedies holding, not an exclusive remedy holding. As plaintiff correctly points out, the prisoner in Demko had already recovered under 18 U.S.C.A. § 4126; however, in Granade v. United States, 356 F.2d 837 (2nd Cir. 1966) a prisoner whose injury was compensable under 18 U.S.C.A. § 4126 was not allowed to bring an action under the Federal Tort Claims Act even though he had not previously attempted to claim under 18 U.S.C.A. § 4126. The Granade decision was approved by the Court in Demko,[1] reflecting the broader implications of Demko. Likewise, subsequent cases have held that the court has no jurisdiction to entertain a Federal Tort Claim Act complaint when a prisoner is covered under 18 U.S.C.A. § 4126. See, e. g., United States v. Cole, 376 F.2d 848 (5th Cir.,

May 2, 1967). Furthermore, even though United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963) does give a Federal inmate the right to bring a Federal Tort Claim case, it is now clear that recovery under Muniz is limited to cases in which the prisoner is not covered under 18 U.S.C.A. § 4126.

The subject of compensation of injured prisoners has gone through a process of evolution in recent years. The decision in Demko reflects a determination that 18 U.S.C.A. § 4126 finally provides an adequate system of compensation and the exclusive remedy for most injured prisoners.[2] Language in Demko, 385 U.S. at 153–154, 87 S.Ct. 382 indicates that a few cases may still fall outside 18 U.S.C.A. § 4126 and require the use of the Federal Tort Claim Act. Thus, the inquiry is whether plaintiff has made a sufficiently strong showing that his situation rests outside the broad scope of 18 U.S.C.A. § 4126 and within the narrow area still available in the Federal Tort Claims Act. Plaintiff argues that such a showing has been made in that although the actual injury resulted while he was working, the proximate cause of the accident, i. e., the negligence of the medical personnel, occurred outside of his work. This argument is not without its appeal, yet the compensation laws look not to the cause of the injury nor to the negligence involved but to the actual injury, the damage to the workman. Emphasis is placed upon the certainty of recovery and removal of many of the formal obstacles that previously existed in the legal system. Given this shift in emphasis, this Court is very reluctant to allow recovery under the now limited coverage of the Federal Tort Claims Act, unless circumstances are alleged which clearly make such provisions applicable. If plaintiff's concern is for the recovery of damages, then his remedy lies within the provisions of 18

---

1. Note the language in Demko which emphasizes the adequacy of the compensation law as provided in 18 U.S.C.A. § 4126 and the exclusivity of remedy under such law. 385 U.S. at 151, 153, 87 S.Ct. 382.

2. That such a conclusion has been reached by the majority of the Court is reinforced by a reading of the dissenting opinion. 385 U.S. at 154, 87 S.Ct. 382 (White, J., dissenting).

U.S.C.A. § 4126. On the other hand, if plaintiff's concern is for the punishment of negligent acts and relief from unsafe practices, he must look to other remedies, but not to the Federal Tort Claims Act.

Accordingly, defendant's Motion to Dismiss is granted.

It is so ordered.