**Jimmie Otis WOOTEN, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 29613.

United States Court of Appeals,
Fifth Circuit.

Jan. 21, 1971.

John W. Stokes, U. S. Atty., Atlanta, Ga., Morton Hollander, Robert E. Kopp, Dept. of Justice, Washington, D. C., for defendant-appellant.

Charles D. Read, Jr., Atlanta, Ga., for plaintiff-appellee.

Before BELL, DYER and RONEY, Circuit Judges.

PER CURIAM:

Wooten a federal inmate who was injured in the fall of an elevator, prevailed in his Federal Tort Claims Act suit [1] in the District Court despite the Government's defense that as a prisoner-employee his exclusive remedy was his

---

1. 28 U.S.C.A. §§ 1346(b), 2671 et seq.

**80**

right to recover compensation under 18 U.S.C.A. § 4126.[2] We reverse.

Wooten, a federal prisoner, was employed under the Prison Industries program to perform work in a canvas shop on the fourth floor of the Prison Industries Building of Atlanta penitentiary. On the day in question, Wooten was released from duty at noon to go to another building in the penitentiary for lunch. He was given a pass by his Prison Industry supervisor to use a freight elevator to descend to the ground floor. The elevator was operated and maintained by the staff of the Prison Industries. Unfortunately the elevator was overloaded, and as a result of its abrupt descent, Wooten's back was injured.

Without so much as a passing nod at 18 U.S.C.A. § 4126 in his findings of fact and conclusions of law, the trial judge found the Government negligent under the Federal Tort Claims Act and entered judgment in favor of Wooten for $3,000 damages.

*In limine* we reject Wooten's narrow construction of the words "activity directly related to the prisoner's work assignment" as limiting compensable injuries to those which occur at the work bench. It is true that whether particular activity being performed makes a prisoner eligible for compensation must, because of variable facts, be left to a case by case determination. But in the undisputed factual context of this case we need look only to the standard principles of workmen's compensation law. "The basic rule \* \* \* is that the journey to and from meals, on the premises of the employer, is in the course of employment," 1 Larson, Workmen's Compensation Law, § 15.51, and if, under these circumstances, an employee sustains injury it is compensable. *Id.,* § 15.00.

Wooten's injury being compensable under 18 U.S.C.A. § 4126, his exclusive remedy was under that law. United States v. Demko, 1966, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258. The District Court did not have jurisdiction to entertain Wooten's Federal Tort Claims Act complaint. United States v. Cole, 5 Cir. 1967, 376 F.2d 848.

The judgment is reversed and the case is remanded with directions that the complaint be dismissed.

Reversed and remanded with Directions.

---

2. The statute and the Inmate Accident Compensation Regulations of the Federal Prison Industries, 28 C.F.R. 301.1 et seq. establish the test of compensation coverage for prisoners as being whether the injury was suffered in an activity directly related to the prisoner's work assignment.