Willie **THOMPSON**, Petitioner-Appellant,

v.

**UNITED STATES** of America and Mr. J. F. Koyle et al., Respondents-Appellees.

No. 73–3154

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 5, 1974.

Willie Thompson, pro se.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for respondents-appellees.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

This appeal comes to us from the district court's dismissal of a federal prisoner's claim for damages under the Federal Tort Claims Act, 28 U.S.C., §§ 1346(b), 2671 et seq. Finding no error in the district court's ruling, we affirm.

According to the complaint and exhibits filed below, on November 3, 1971

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Willie Thompson, who was then an inmate of a United States penitentiary, sustained a work-related back injury while employed by the Federal Prison Industries. He was subsequently hospitalized, where he alleges his injury was aggravated as a result of negligence and malpractice on the part of one of the prison hospital's employees. Thompson's claim filed below sought $250,000 damages against the United States due to the wrongful conduct of its employee.

Under the circumstances of this case, the district court correctly dismissed the suit, since it lacked jurisdiction to adjudicate the appellant's claim under the Federal Tort Claims Act. It is well established that the inmate accident compensation system as set forth in 18 U.S. C., § 4126 is the exclusive means of recovery for a prison-employee's work-related injuries, United States v. Demko, 1966, 385 U.S. 149, 87 S.Ct. 382, 17 L. Ed.2d 258; Wooten v. United States, 5 Cir., 1971, 437 F.2d 79; United States v. Cole, 5 Cir., 1967, 376 F.2d 848. Despite the appellant's allegation that the negligence of the hospital worker occasioned further injuries, for which he seeks damages, he is barred from litigating the matter under the Federal Tort Claims Act since the cause of his original injury was work-related and compensable under 18 U.S.C., § 4126, Jewell v. United States, N.D.Ga., 1967, 274 F. Supp. 381.

It should also be noted that the appellant's claim under 28 U.S.C., § 2671 was filed almost immediately after the district court denied his action seeking compensation under 18 U.S.C., § 4126. This Court recently vacated that ruling and remanded the cause for further proceedings on the claim, Thompson v. United States, 5 Cir., 1974, 492 F.2d 1082 [1974]. Thus it is obvious that the appellant has this avenue of redress available to him.

The judgment of the district court dismissing the appellant's action under the Federal Tort Claims Act is therefore

Affirmed.