IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11196
Conference Calendar
_____

ENRIQUE RAMIREZ,

                                        Plaintiff-Appellant,

versus

W. R. DUTEIL; UNITED STATES OF AMERICA,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-2589-P
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Enrique Ramirez appeals the summary judgment entered in defendants' favor on his complaint for damages filed pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Ramirez's complaint stemmed from injuries he suffered in a work-related accident while he was incarcerated at the Seagoville Federal Correctional Institution. Ramirez was compensated for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his injuries pursuant to the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126. His complaint asserted that he was entitled to damages under the FTCA on account of the medical treatment he received from prison physicians which allegedly caused him unnecessary pain and necessitated further surgery. He asserted that the medical treatment amounted to deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

Ramirez has moved for the appointment of appellate counsel. That motion is DENIED. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

The district court did not err in granting summary judgment on Ramirez's FTCA claim because the cause of his injury was work-related and compensable exclusively under the IACA. Thompson v. United States, 495 F.2d 192, 192-93 (5th Cir. 1974).

The district court did not err in granting summary judgment on Ramirez's Eighth Amendment claim because Ramirez adduced no evidence clearly evincing that his medical treatment amounted to an unnecessary or wanton infliction of pain. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Neither Ramirez's dissatisfaction with his medical treatment nor the fact that he underwent additional surgery after his release from prison give rise to a claim for an Eighth Amendment violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED.