IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11193
Summary Calendar
_____

JANIS L. HORTON,

                                        Plaintiff-Appellant,

versus

JOSEPH B. BOGAN, Warden, FMC - Carswell,
in his individual and official capacity;
JOHN T. RATHMAN, Associate Warden, Federal
Medical Center-Carswell, in his individual
and official capacity; LOREN THACKERA,
Facilities Manager, Federal Medical
Center-Carswell, in individual and official
capacity; TERRY DAVIS, Facilities Supervisor,
Federal Medical Center-Carswell, in individual
and official capacity; ROBERT BRACKEN, Safety
Manager, Federal Medical Center-Carswell, in his
individual and official capacity; C. STRATMAN,
Clinical Supervisor, Federal Medical Center-Carswell,
in their individual and official capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-816
--------------------
March 21, 2003

Before BARKSDALE, DEMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Janis L. Horton, federal prisoner #05959-031, appeals the district court's dismissal of her claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Horton filed suit against the defendants for injuries allegedly sustained during her participation in renovation work to turn a prison hospital room into a laundry room. The district court dismissed her claims with prejudice, finding them precluded by 18 U.S.C. § 4126. Horton does not dispute that 18 U.S.C. § 4126 provides the exclusive remedy for her tort claims against the Government. See Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980). However, 18 U.S.C. § 4126 does not preclude Bivens claims, i.e., constitutional claims against the defendants in their individual capacities. See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Bagola v. Kindt, 39 F.3d 779, 780 (7th Cir. 1994). Accordingly, the district court's judgment is AFFIRMED insofar as it concludes that 18 U.S.C. § 4126 is Horton's exclusive remedy for her tort claims against the Government. Insofar as the judgment dismisses Horton's Bivens claims as being precluded by 18 U.S.C. § 4126, it is VACATED, and this case is hereby REMANDED for consideration of Horton's Bivens claims.

Horton's motion to amend her complaint is hereby DENIED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION TO AMEND COMPLAINT DENIED.