United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 02-11197

Summary Calendar

———————————————

DRUCILLA BAKER,

Plaintiff-Appellant,

versus

JOSEPH B. BOGAN, Warden, Federal Medical Center-Carswell,
in his individual and official capacity; JOHN T. RATHMAN, Associate
Warden, Federal Medical Center-Carswell,
in his official and individual capacity; LOREN THACKERA, Facilities
Manager, Federal Medical Center-Carswell,
in her individual and official capacity; TERRY DAVIS,
Facilities Supervisor, Federal Medical Center-Carswell,
in his individual and official capacity; ROBERT BRACKEN,
Safety Manager, Federal Medical Center-Carswell, in his individual
and official capacity; C. STRATMAN, DR., Clinical Supervisor,
Federal Medical Center-Carswell, in his individual and official
capacity,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
For the Northern District of Texas

———————————————

(USDC No. 4:02-CV-817-A)

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

————————

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Drucilla Baker, federal prisoner # 13571-064, appeals the district court's dismissal of her claims under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Baker filed suit against the defendants for injuries allegedly sustained during her participation in renovation work to turn a prison hospital room into a laundry room. The district court dismissed her claims with prejudice, finding them precluded by 18 U.S.C. § 4126.

Baker does not dispute that 18 U.S.C. § 4126 provides the exclusive remedy for her tort claims against the Government. <u>See</u> <u>Aston v. United States</u>, 625 F.2d 1210, 1211 (5th Cir. 1980). However, 18 U.S.C. § 4126 does not preclude <u>Bivens</u> claims, <u>i.e.</u>, constitutional claims against the defendants in their individual capacities. <u>See</u> <u>Affiliated Prof'l Home Health Care Agency v. Shalala</u>, 164 F.3d 282, 286 (5th Cir. 1999); <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996); <u>Bagola v. Kindt</u>, 39 F.3d 779, 780 (7th Cir. 1994). Accordingly, the district court's judgment is AFFIRMED insofar as it concludes that 18 U.S.C. § 4126 is Baker's exclusive remedy for her tort claims against the Government. Insofar as the judgment dismisses Baker's <u>Bivens</u> claims as being precluded by 18 U.S.C. § 4126, it is VACATED, and this case is hereby REMANDED for consideration of Baker's <u>Bivens</u> claims.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.