United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41015
Summary Calendar

_____

RAYMUNDO MONTOYA-ORTIZ,

Plaintiff-Appellant,

versus

BENJAMIN BROWN, Bureau of Prisons Health Services Administrator;
DUCHIESNE, DR., Chief Doctor of Health Services; NUNEZ, Mid-level
Practitioner; MCCLEERY, Licensed Vocational Nurse; DOE, DR.,
Contract Physician; KATHLEEN HAWK SAWYER, Director, Federal
Bureau of Prisons; UNITED STATES OF AMERICA; HOUGLUM, DR.,
Contract Physician,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CV-62
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Raymundo Montoya-Ortiz (Montoya), federal prisoner # 55702-

080, filed a pro se civil rights complaint under Bivens v. Six

Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388

(1971), the Eighth Amendment, and the Federal Tort Claims Act

(FTCA), seeking damages for medical negligence and gross

negligence against the following officials at the Bureau of

---
[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prisons (BOP) facility in Three Rivers, Texas: Benjamin Brown, M.D., Health Administrator; Carlos Duchiesne, M.D., Chief Doctor of Health Services; Miguel Nunez, Physician Assistant; and Nathan McCleery, Licensed Vocational Nurse. He filed an amended complaint adding the United States and Dr. Houglum, an independent contract physician, as defendants.** The district court granted a partial dismissal order dismissing Montoya's Bivens claims, and later granted a summary judgment dismissing Montoya's remaining FTCA and Eighth Amendment claims. Montoya now appeals.

Bivens claims

Montoya argued that the district court erred in dismissing his Bivens claims against Brown and Duchesne because they failed to supervise their staff resulting in an improper diagnosis of his foot.

This court reviews de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6). Capital Parks, Inc. v. Southeastern Adver. and Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994). Section 42 U.S.C. § 233(a) of the Public Health Services Act preempts Bivens claims, providing that a

---

** Kathleen Hawk Sawyer, the director of the BOP, was also served although Montoya did not list her as a defendant in his amended complaint. Houglum, the independent contract physician, and Sawyer are not parties to this appeal. This court has appellate jurisdiction because the final judgment disposed of all claims against all the defendants. See Bader v. Atl. Int'l, Ltd., 986 F.2d 912, 914-15 (5th Cir. 1993).

plaintiff's sole remedy under that section is a claim brought under the FTCA. See Carlson v. Green, 446 U.S. 14, 20 (1980).

Montoya has consistently alleged that the defendants acted within the scope of their employment. He does not allege otherwise in his reply brief. Accordingly, the district court did not err in dismissing his Bivens claims against Brown and Duchiesne under 42 U.S.C. § 233(a). See Carlson, 446 U.S. at 20. Further, his claim that Brown and Duchiesne failed to properly supervise their staff lacks merit because respondeat superior liability is not available in a Bivens action. See Abate v. S. Pac. Transp. Co., 993 F.2d 107, 110 (5th Cir. 1993).

Montoya also alleges that Nunez and McCleery were deliberately indifferent to his injury under the Eighth Amendment. Although Nunez eventually ordered an x-ray of Montoya's broken foot, Montoya alleges that Nunez was initially negligent by following the orders of the independent contract physician. Nunez's actions, at the worst, demonstrate an incorrect diagnosis which does not establish a showing of deliberate indifference. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Similarly, with respect to McCleery, Montoya does not dispute that McCleery followed the order of the independent contractor physician. Montoya's mere allegation that McCleery should have contacted additional doctors in contravention of the physician's order does not establish a showing of repugnant action to constitute

deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Accordingly, the district court did not err in dismissing Montoya's Eighth Amendment claims with respect to Nunez and McCleery.

FTCA claim

Montoya argues that the district court erred in granting the defendants' summary judgment on his FTCA claim because the medical staff was dilatory in discovering his injury. He further argues that it was impossible for him to argue the case and provide an expert as an indigent party. He also argues that the district court failed to conduct an evidentiary hearing. Because Montoya raises this argument regarding an evidentiary hearing for the first time on appeal, it will not be considered. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

This court reviews a grant of summary judgment de novo and applies the same standards as did the district court. Clark v. America's Favorite Chicken Co., 110 F.3d 295, 296 (5th Cir. 1997). "Summary judgment is appropriate when the record reflects that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id. at 297 (quoting FED. R. CIV. P. 56(c)).

The FTCA is a limited waiver of sovereign immunity making the United States liable to the same extent as private parties for certain torts of federal employees acting within the scope of

their employment.  <u>United States v. Orleans</u>, 425 U.S. 807, 813 (1976); 28 U.S.C. § 1346(b).  Under Texas law, expert testimony is generally required to prove the applicable standard of care in an FTCA claim.  <u>Quijano v. United States</u>, 325 F.3d 564, 567 (5th Cir. 2003).  <u>Id.</u>

Montoya never filed a response to the defendants' motion for summary judgment arguing that he had difficulties obtaining an expert.  Under Rule 56, Montoya has failed to produce competent summary judgment evidence to establish the existence of the elements of duty, breach of standard of care, causation and damages after an adequate time for discovery.  Accordingly, the district court did not err in dismissing Montoya's FTCA claim against the defendants.  <u>See</u> <u>Quijano</u>, 325 F.3d at 567.

AFFIRMED.