# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 4, 2010

No. 08-60994

Charles R. Fulbruge III
Clerk

STEPHEN C WALKER

Plaintiff - Appellant

v.

CONSTANCE REESE, Warden, Individual and Official Capacity; SCOTT
FISHER, Associate Warden, Individual Capacity; ANTHONY CHAMBERS,
Clinical Director, Individual Capacity; MARY THOMAS, Health Service
Administrator, Individual Capacity; JOHN DOE; JANE DOE; UNITED
STATES OF AMERICA; CRAIG COIL, Food Service Administrator; RAY E
HOLT, Regional Director Southeastern Region; BOBBY G RAINES,
Operations Lieutenant

Defendants - Appellees

Appeal from the United States District Court of the
Southern District of Mississippi
CA No. 5:06cv154-DCB-MTP

Before REAVLEY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff, Stephen Walker, a former inmate at the Federal Correctional
Complex in Yazoo City, Mississippi ("FCC Yazoo City"), challenges the dismissal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 08-60994

of his claims on summary judgment relating to the medical care he received while incarcerated. For the following reasons, we AFFIRM.

## I. FACTS

On January 8, 2006, Walker received chemical burns while working in the Food Service Department at FCC Yazoo City. Walker was instructed by his supervisor to rinse his arms with cold water and soap until medical staff could respond. Walker claims he then showed his burns several times to Defendant Craig Coil, a former Food Service Administrator at FCC Yazoo City. Walker alleges that Coil knew Walker had a serious medical condition but failed to take any steps to assist him in receiving immediate emergency care. Coil avers that he did not believe Walker needed emergency medical attention. About two hours later, a nurse arrived and tended to Walker. It was noted that Walker had first, second, and third degree burns, and Walker was transported to a hospital in Yazoo City, where he received further medical attention.

On January 31 and February 14, Walker received further care for his burns by Defendant Dr. Anthony Chambers, the Clinical Director at FCC Yazoo City. During the evenings of February 16 and February 21, Walker went to have his bandages changed by the medical staff at FCC Yazoo City, but both times he was unable to receive immediate care due to a lack of medical staff present. In both instances, Walker had his bandages changed the following day. When examining Walker on February 22, Dr. Chambers recommended that Walker be transported to an outside medical facility for further evaluation. Walker was scheduled to be taken to a hospital on February 24, but no custody staff member was available to transport him, so instead, Walker was taken to the hospital on February 28.

On March 14 at 11:20 pm, Walker informed a Unit Officer that his bandages were soaked with blood and fluid. The Unit Officer noted that there

No. 08-60994

was some blood seeping through the bandages, but that they were not soaked. The Unit Officer consulted with Defendant Lieutenant Bobby Raines by telephone. Lt. Raines told the Unit Officer that no medical care was available and that Walker should have his bandages changed the following morning.

On June 12, a doctor at FCC Yazoo City certified that Walker's wounds had healed. On June 14, Walker was released from the Bureau of Prisons ("BOP") custody.

On November 17, 2006, Walker, acting *pro se*, filed suit against the captioned defendants. In his complaint, Walker asserted that the defendants violated his Eighth Amendment rights by denying and delaying medical treatment. Walker also complained that the defendants adopted policies, customs, and practices concerning medical care that violated BOP regulations, federal law, and the Eighth Amendment. Walker brought a Federal Tort Claims Action ("FTCA") against the United States and sought judicial review under the Administrative Procedure Act ("APA"). The defendants moved for summary judgment on all of Walker's claims. Walker moved for partial summary judgment on his *Bivens* claim against Dr. Chambers.

A Magistrate Judge recommended that the defendants' motion for summary judgment be granted and that Walker's motion for partial summary judgment be denied. In making these recommendations, the Magistrate Judge stated that Dr. Chambers had statutory immunity under 42 U.S.C. § 233(a). The Magistrate Judge recommended dismissing the *Bivens* actions against the defendants because Walker did not demonstrate that the defendants' actions and policies were "deliberately indifferent" to his serious medical needs in violation of the Eighth Amendment. The Magistrate Judge recommended dismissing Walker's FTCA claim because his injury occurred during his incarceration in federal prison, thus his exclusive remedy was provided by the BOP's Inmate Accident Compensation ("IAC"). Finally, the Magistrate Judge recommended

3

No. 08-60994

dismissing Walker's APA claim as moot because Walker was no longer in BOP custody.[1]

After a *de novo* review of the portions of the Magistrate Judge's recommendations to which Walker objected, the district court found no error and adopted the Magistrate Judge's recommendations. Walker timely appealed the district court's order granting the defendants' motion for summary judgment.[2]

## II.  STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). Summary judgment is appropriate if the submissions show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When deciding whether a fact issue exists, we review the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

## III.  ANALYSIS

We examine Walker's *Bivens* actions and FTCA claim separately below.

*A.  Bivens actions*

Walker argues that the district court erred in finding that the defendants actions were not deliberately indifferent to his serious medical needs. Specifically, Walker argues that Defendants Coil and Raines were deliberately

---

[1] The Magistrate Judge also recommended that the court find it lacked personal jurisdiction over Defendant Ray Holt, the BOP's Regional Director for the Southeast Region. and dismiss the claim against him without prejudice. The district court adopted his recommendation. Walker does not appeal Holt's dismissal.

[2] Walker did not appeal the dismissal of his APA claim.

4

indifferent to his medical needs because they did not obtain immediate emergency medical care; instead Walker on occasion had to wait a few hours and sometimes until the following morning to receive medical attention. Walker also claims that Defendants Warden Constance Reese, Associate Warden Scott Fisher, Dr. Chambers, and Health Service Administrator Mary Thomas acted with deliberate indifference to his medical needs because the policies they adopted impeded his ability to access adequate and timely medical care.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with a "deliberate indifference" to the serious medical needs of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The *Farmer* Court defined the test for "deliberate indifference" as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id*. at 837. *See also Wilson v. Seiter*, 501 U.S. 294, 299–303 (1991); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). This standard "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted).

The defendants did not act with deliberate indifference. Though Walker may have not received attention as promptly as he desired, or perhaps even as promptly as would be ideal, any substandard care as alleged does not amount to deliberate indifference as defined by the above cases. To the contrary, the record is replete with details of the defendants providing medical care to Walker. Every time Walker sought medical care, it was provided to him either immediately or within a matter of hours. When the staff at FCC Yazoo City thought Walker

5

No. 08-60994

needed outside evaluation of his burns, Walker was taken to a hospital. Accepting the evidence in the light most favorable to Walker, it is clear that the defendants did not act with deliberate indifference or adopt policies that precluded Walker from receiving adequate care.[3]

## B.  FTCA claim

Walker argues that the district court erred in finding his exclusive remedy against the Government was provided by the BOP's Inmate Accident Compensation ("IAC") procedures set forth in 28 C.F.R. § 301.101, *et seq*., and thus dismissing his FTCA claim.  But as Walker points out in his brief, the U.S. Supreme Court and Fifth Circuit have repeatedly provided that the BOP's IAC system is the exclusive means of recovery for prison-employee's work-related injuries.  *United States v. Demko*, 385 U.S. 149 (1966); *Thompson v. United States*, 495 F.2d 192 (5th Cir. 1974); *Wooten v. United States*, 437 F.2d 79 (5th Cir. 1971).  Because the IAC system is Walker's exclusive remedy against the Government, the court lacks jurisdiction to adjudicate his FTCA claim.

## IV.  CONCLUSION

For the above reasons we AFFIRM the district court's dismissal of Walker's suit.

AFFIRMED.

---

[3] There are additional reasons why Walker's claims against Dr. Chambers must fall. Dr. Chambers has statutory immunity pursuant to 42 U.S.C. § 233(a).  As even Walker acknowledges in his brief, § 233(a) preempts a *Bivens* claim and provides that a plaintiff's sole remedy is a claim brought under the FTCA.  *See Carlson v. Green*, 446 U.S. 14, 20 (1980) (noting § 233(a) as an example of Congress explicitly stating that the FTCA is a plaintiff's exclusive remedy); *Schrader v. Sandoval*, 1999 WL 1235234, at *2 (5th Cir. 1999) (unpublished); *Montoya-Ortiz v. Brown*, 154 F. App'x. 437, 439 (5th Cir. 2005) (unpublished). Therefore, Walker cannot maintain a *Bivens* action against Dr. Chambers.

Walker also argues, in the alternative, that the statutory immunity provided by § 233(a) should not apply to Dr. Chambers because he was acting outside of the scope of his employment.  None of Walker's factual allegations and nothing in the record supports a finding that Dr. Chambers was acting outside of the scope of his employment.