# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2011

Lyle W. Cayce
Clerk

No. 10-50961
Summary Calendar

MARIO CABELLO,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-477

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mario Cabello, federal prisoner # 99277-080, seeks leave to proceed in forma pauperis (IFP) on appeal following the dismissal without prejudice for lack of subject matter jurisdiction of his complaint for damages filed pursuant to the Federal Tort Claims Act. Cabello's complaint stemmed from injuries he suffered in a work-related accident while he was incarcerated at the Bastrop Federal Correctional Institution. He claimed that following the accident, he received negligent medical treatment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50961

Cabello's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We review a dismissal for lack of subject matter jurisdiction de novo. *See Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

Because Cabello's injury was work-related, the district court correctly determined that the Inmate Accident Compensation Act, 18 U.S.C. § 4126, provided Cabello's exclusive remedy. *See Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980); *United States v. Demko*, 385 U.S. 149, 152 (1966). The district court did not err in dismissing Cabello's complaint for lack of jurisdiction. *See United States v. Cole*, 376 F.2d 848, 849 (5th Cir. 1967).

Nor has he demonstrated that the district court's denial of his Federal Rule of Civil Procedure 59(e) motion was based upon manifest errors of law or fact or presented newly discovered evidence. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Accordingly, Cabello has not demonstrated that the district court abused its discretion by denying his motion. *See Midland West Corp. v. Fed. Deposit Ins. Corp.*, 911 F.2d 1141, 1145 (5th Cir. 1990).

Cabello's appeal is without arguable merit and thus it is frivolous. *See Howard*, 707 F.2d at 219-20. Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. He is cautioned that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Also, Cabello is cautioned that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

No. 10-50961

APPEAL DISMISSED; SANCTION WARNING ISSUED. MOTION FOR IFP DENIED.