ALD-232                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1012
_____

KEITH MAYS,
                                  Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-00522)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 15, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 29, 2014)
_____

OPINION
_____

PER CURIAM

Keith Mays, proceeding pro se and in forma pauperis, appeals from the District Court's order granting the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, we will summarily affirm.[1]

I.

Keith Mays, a federal prisoner currently incarcerated at FCI Schuylkill, filed a complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, seeking money damages from the United States for "physical injury, pain and suffering, and future medical expenses." Dkt. No. 1, at 4. Mays complained of injuries received when he slipped and fell on a wet floor in the staff dining room at FCI Schuylkill. Specifically, he claimed the wet floor caused him to fall on his back and hit his head. The defendant filed a motion to dismiss for lack of subject matter jurisdiction on the basis that the Inmate Accident Compensation Act (IAC), 18 U.S.C. § 4126, provides the exclusive remedy for such injuries. The District Court granted the motion and agreed that because Mays's injury was work related, the IAC precluded his FTCA claims. Mays timely appealed.

II.

"When reviewing an order dismissing a claim for lack of subject matter jurisdiction, we exercise plenary review over legal conclusions and review findings of fact for clear error." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010).

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. 3d Cir. LAR 27.4; I.O.P. 10.6. We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

In this case, we discern no error in the District Court's legal conclusions or factual findings.

We agree with the District Court's conclusion that the IAC precludes Mays from bringing an FTCA claim. In the IAC, Congress created a scheme to compensate inmates for injuries sustained in the course of their penal employment. By statute, the Federal Prison Industries Fund pays "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4); see also 28 C.F.R. § 301.101-301.319 (regulating such claims). Federal prisoners seeking compensation for injuries sustained during penal employment are limited to the remedy provided by the IAC, 18 U.S.C. § 4126. See United States v. Demko, 385 U.S. 149, 151-54 (1966) (holding that prisoners are barred from bringing FTCA claims in such situations, as § 4126 is their exclusive remedy).

Mays argued that the IAC did not apply to his claim for compensation because he was enrolled in a vocational training (rather than work) program and because the injury occurred during a scheduled break time. We agree with the District Court's conclusion that this program is a "work activity" that falls within the ambit of the IAC. The culinary vocation program at issue paid wages to inmate participants because "[i]nmates enrolled in this program are not allowed to enroll or participate in other courses, programs, or job assignments that conflict with the daily, Monday through Friday schedule" of the program. Dkt. No. 23-1, at 4. Furthermore, hands-on work in locations such as the

3

Officers' Dining Hall constituted a substantial portion of the training program. Id.

Mays's work was therefore connected to the "operation of the institution" as

contemplated by § 4126(c)(4).

We further agree that the IAC is applicable despite the fact that Mays's injury took

place during a scheduled break. The relevant regulation, 28 C.F.R. § 301.301(c), states

that "compensation shall not be paid for injuries suffered away from the work location

(e.g., while the claimant is going to or leaving work, or going to or coming from lunch

outside of the work station or area)." Courts have found that injuries that occur inside the

work area while an inmate was going to or from work or to or from a break are

exclusively covered by the IAC. See, e.g., Wooten v. United States, 437 F.2d 79, 80 (5th

Cir. 1971) (per curiam) (holding that an inmate suffered a work-related injury while

traveling in a freight elevator while on his way to lunch and rejecting inmate's "narrow

construction of the words 'activity directly related to the prisoner's work assignment' as

limiting compensable injuries to those which occur at the work bench."). Mays stated in

his complaint that he was in the Officers' Dining Hall when he fell. As this location was

within his work area, we agree with the District Court that the IAC is the exclusive

remedy for Mays's alleged injuries.

### III.

There being no substantial question presented on appeal, we will summarily

affirm.

4