# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 18, 2020

Lyle W. Cayce
Clerk

No. 19-10138

WITHBERTO VELAZQUEZ,

*Plaintiff—Appellant*,

*versus*

UNITED STATES OF AMERICA,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-613

Before BARKSDALE, ELROD, and HO, *Circuit Judges*.

PER CURIAM:[*]

Withberto Velazquez, serving a federal prison sentence and proceeding *pro se*, was injured in his cell while responding to a fellow inmate's request for assistance. Velazquez filed a claim under the Federal Tort Claims Act (FTCA) for his injuries. He challenges the Federal Rule of Civil

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Procedure 12(b)(1) dismissal of that claim for lack of subject-matter jurisdiction. AFFIRMED.

## I.

The sworn amended complaint alleged the following facts, which, for purposes of reviewing the dismissal, are taken as true and viewed in the light most favorable to plaintiff. *E.g.*, *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) (citations omitted).

This action arises from an injury in Velazquez' prison cell. At approximately 3:20 p.m. on 2 December 2016, a blind inmate (it is unknown whether he was in Velazquez' cell) requested Velazquez' assistance opening a locker, and he left his top bunk to do so. Because his bunk lacked a ladder by which he could descend, he used a plastic chair. While he was descending, the chair slipped; he lost his balance, fell, and hit his elbow against the wall, causing significant trauma to his shoulder.

Velazquez' cellmate witnessed the incident and notified prison medical personnel. The severity of his injury required Velazquez to have shoulder surgery. He still suffers arm and shoulder pain from the incident.

Proceeding *pro se*, Velazquez filed a claim for money damages against the Government, based on liability under the FTCA, 28 U.S.C. § 1346(b). The sworn complaint described the other inmate's request for help, and, unlike the sworn amended complaint, stated he "was assigned to [Velazquez'] care, in [his] job at the time as an Inmate Care Assistant". (That position requires Velazquez to assist designated inmates in the prison, although the Government and Velazquez do not agree on the scope of that responsibility. For example, the Government asserts Velazquez was on the job at the time of his injury, but Velazquez claims "no records exist" to support that assertion.)

No. 19-10138

In response to the FTCA claim, the Government moved to dismiss for lack of subject-matter jurisdiction.  Its motion asserted:  Velazquez was on the job when he responded to the inmate's request for assistance; the Inmate Accident Compensation Act (IACA), 18 U.S.C. § 4126, is the exclusive remedy for on-the-job injuries in prison work programs; Velazquez' exclusive remedy is through IACA and not the FTCA; and, because Velazquez instead seeks relief under the FTCA, the court lacked subject-matter jurisdiction.

The Government's motion included a declaration by a correctional counselor at Velazquez' prison, stating:  at the time of his injury, Velazquez was assigned as a residential-care assistant, the same job Velazquez referred to as an inmate-care assistant.  The counselor stated he knew of the incident and described Velazquez' job duties: "Velazquez was provided a list of inmates to check on every hour to ensure they were not having any medical issues.  Beyond this requirement to check on his assigned inmates, he was free to do as he wished during the rest of his work day".  The declaration did not include any other information regarding Velazquez' job description, such as the time during which he was required to be on the job, or on call.

Faced with the Government's motion to dismiss, Velazquez filed the above-referenced sworn amended complaint which, contrary to the sworn original complaint, as noted *supra*, omitted any information about:  his fellow inmate's being "assigned to [Velazquez'] care, in [his] job at the time as an Inmate Care Assistant"; and that inmate's seeking assistance from Velazquez.  On the other hand, Velazquez included an administrative tort claim form as an exhibit for both the sworn original and amended complaints; the form described the incident.  Velazquez stated in the form that, at the time of the incident:  "[The inmate] . . . who is blind, and is assigned to my care, in my job as an Inmate Care Assistant" asked for help.

As it had for the original complaint, the Government moved to dismiss for lack of subject-matter jurisdiction, again asserting:  Velazquez' claim was improper under the FTCA, and his exclusive remedy was under the IACA. The Government included the same declaration, stating that Velazquez was a prison employee at the time of the incident.

Velazquez responded to the Government's motion, stating the declaration was insufficient to show the court lacked subject-matter jurisdiction.  Velazquez claimed:  "At no point in the [declaration] does [the correctional counselor] state that the injury in question was work related". Velazquez further asserted the Government's failure to file work-incident related paperwork proved the incident did not occur on the job.

The Government's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction was granted.  In doing so, the district court considered the difference in Velazquez' sworn original and amended complaints regarding his being an inmate-care assistant.  And, the court's reasoning relied in part on the administrative tort claim form attached to both sworn complaints, including Velazquez' description in that form of his assigned care of the blind prisoner.

## II.

A district court's dismissal for lack of subject-matter jurisdiction is reviewed *de novo*.  *E.g.*, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).  Although plaintiff "constantly bears the burden" to prove jurisdiction exists, a Rule 12(b)(1) motion should be denied unless there is no set of facts under which plaintiff's claim could entitle him to relief.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007).

In ruling on a motion to dismiss, the court, as noted, takes well-pleaded facts in a complaint as true; and, while a *pro se* litigant's complaint is

given a "more lenient standard", such litigants must plead enough factual allegations to go beyond a mere speculative claim. *Chhim*, 836 F.3d at 469 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Facts used to determine subject-matter jurisdiction may come from any of: the complaint; the complaint and undisputed record evidence; or the complaint, undisputed record evidence, and the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161. When there are multiple complaints, the amended complaint supersedes the original, unless the amended complaint incorporates the original by reference or explicitly adopts it. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

IACA provides "the sole remedy" when a prisoner is injured while on the job. *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980); *see United States v. Demko*, 385 U.S. 149, 151–52 (1966). The statute operates as worker's compensation, and therefore supplants tort remedies for such prisoners. *Demko*, 385 U.S. at 151–52. Proximate-cause analysis determines whether an activity is work-related, and "the cause of the injury is irrelevant, so long as the injury occurred while the prisoner was on the job". *Aston*, 625 F.2d at 1211. Following *Demko*, courts have held prisoners to be on the job in other circumstances, including: riding an elevator to take a lunch break, *Wooten v. United States*, 437 F.2d 79, 80 (5th Cir. 1971); and, being exposed to asbestos at work, *Smith v. United States*, 561 F.3d 1090, 1093–95 (10th Cir. 2009). In addition, derivative claims are precluded under the FTCA, so long as the original injury occurred while a party was on the job. *See Thompson v. United States*, 495 F.2d 192, 193 (5th Cir. 1974).

As discussed, Velazquez' administrative tort claim form was an exhibit to his sworn amended complaint (as it was to his sworn original complaint). That form indicates Velazquez left his bunk in response to a request for help from his blind, fellow inmate. But, the relationship between

Velazquez and that inmate was not merely friendly because, as stated in the form, that inmate was "assigned to [Velazquez'] care, in [his] job".

As also addressed *infra*, and based on the facts in Velazquez' sworn amended complaint, which includes the attached administrative tort claim form, he does not provide the requisite facts to show he was not acting in his capacity as an inmate-care assistant at the time of his injury. Velazquez' other papers, discussed *supra*, include assertions that the prison failed to complete required paperwork to affirmatively show the incident was work-related and that his job responsibilities did not include helping the inmate in the unit. Velazquez, however, provides no evidence to counter the Government's declaration. Instead, in his response to the Government's motion to dismiss, he maintains he can prove he was not on the job by placing the counselor who provided the declaration, "on the stand and placing him under oath", inferring, at the very least, that he was lying.

As noted, Velazquez receives a more lenient interpretation of his pleadings as a *pro se* litigant; but, still, he must show he was not on the job at the time of the incident. *See Chhim*, 836 F.3d at 469. Under that standard, he pleads a speculative claim; and, viewed against his statements in, *inter alia*, the administrative tort claim, he fails to rebut that he was not on the job, on call, or responding in his job capacity to the inmate's request.

In sum, and pursuant to our *de novo* review, Velazquez' sworn amended complaint, the other parts of the record, and permissible inferences reflect that Velazquez attempted to assist the blind inmate because of Velazquez' job. Put another way, because of the inmate's request, Velazquez descended from his top bunk at that time, used the plastic chair to do so, slipped, and injured his shoulder. Our analysis under *Aston* asks whether the injury was proximately caused by the prisoner's employment. In this instance, it was.

No. 19-10138

## III.

For the foregoing reasons, the judgment is AFFIRMED.