**Charles M. VANDER, Plaintiff–Appellant,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE; Federal Bureau Of Prisons, Western Regional Office; United States of America, Defendants–Appellees.**

**No. 99–56234.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2001

Filed Oct. 9, 2001

Mary Kay Jackson, Pasadena, California, for the plaintiff-appellant.

Peter J. Sholl, Assistant United States Attorney, San Diego, California, for defendants-appellees.

Before: FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

FERNANDEZ, Circuit Judge:

Charles M. Vander commenced this Federal Tort Claims Act (FTCA) action against the United States for injuries he received while he was an inmate at the Federal Correctional Institution at Safford, Arizona. 28 U.S.C. §§ 1346(b), 2671–2680. The district court granted summary judgment against him because he was injured while working on a prison work detail and, as a result, he was limited to the federal inmate compensation scheme. *See* 18 U.S.C. § 4126(c). We affirm.

## BACKGROUND

Before Vander was incarcerated, his knee had been injured. Nevertheless, he was given work with Prison Industries where he strained his knee again and aggravated the preexisting injury. He sought medical help, and while the authorities recognized that he had an injury, they delayed obtaining the treatment to which he was entitled. Even after surgery was recommended, still more delays ensued, and by the time Vander was accorded the necessary surgery, the damage was beyond complete repair. Earlier intervention probably would have been much more successful.

Vander brought this action to recover for the exacerbation of the injury which was caused by the alleged negligence of prison officials in supplying the care and treatment that he was entitled to. He did not sue for the on-the-job injury itself. Nevertheless, the government moved for summary judgment on the basis that any recovery for the injury was limited to the compensation fund process. The district court agreed, and Vander appealed.

## STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1108 (9th Cir.2000). We will affirm the decision to grant summary judgment when, reviewing the record as a whole and drawing all reasonable inferences in favor of the nonmoving party, we find no genuine issue of material fact. *Id.; see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986).

## DISCUSSION

As we have already stated, Vander brought this action under the FTCA on the theory that prison-official negligence after he was injured on the job exacerbated that injury.

There can be no doubt that if Vander were suing for the job injury itself, his claim would be barred. The Prison Industries Fund may be used to compensate "inmates ... for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c). That is the sole source of compensation for the injury; its remedy is exclusive. *See United States v. Demko*, 385 U.S. 149, 152–53, 87 S.Ct. 382, 384–85, 17 L.Ed.2d 258 (1966); *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir.1980). But, Vander claims, he is not suing for that injury; he is suing for the separate negligence of prison officials in supplying medical care for the injury. As he points out, in general, prisoners can sue under the FTCA for injuries caused by prison-official negligence. *See United States v. Muniz*, 374 U.S. 150, 158, 83 S.Ct. 1850, 1855, 10 L.Ed.2d 805 (1963). Thus, Vander argues, he should be able to recover here.

Logic offers some support for his position, but law does not. Where a doctor, for example, gives negligent treatment to an injury, one would expect to be able to sue the doctor for that negligence. However, the regulations under § 4126(c) provide that as far as the United States is concerned, "[c]ompensation may ... be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury." 28 C.F.R. § 301.301(b).

As other circuits have pointed out, that means that "[s]ection 4126 is ... the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of pris-

on officials...." *Wooten v. United States,* 825 F.2d 1039, 1044 (6th Cir.1987). Or, as the Fifth Circuit put it, "[d]espite the appellant's allegation that the negligence of the hospital worker occasioned further injuries, for which he seeks damages, he is barred from litigating the matter under the Federal Tort Claims Act since the cause of his original injury was work-related...." *Thompson v. United States,* 495 F.2d 192, 193 (5th Cir.1974) (per curiam). District courts have said the same thing. *See Byrd v. Warden, Fed. Det. Headquarters,* 376 F.Supp. 37, 38–39 (S.D.N.Y.1974); *Jewell v. United States,* 274 F.Supp. 381, 382–83 (N.D.Ga.1967).

Vander argues that the Sixth Circuit did not actually apply that rule in *Wooten.* Actually, it did. As quoted above, the court stated the rule in no uncertain terms. After that, it did go on to say that Wooten could recover for nonwork-related injuries. He had alleged that he had been forced to perform nonwork-related tasks, and did not receive proper treatment for those injuries. *Id.* at 1045. He could recover for those, said the court, and the district court was directed to disentangle the nonwork-related injuries from the work-related injuries. *Id.* That neither deviates from the general rule nor helps Vander.

We are bolstered in this conclusion by the fact that the compensation scheme for federal employees has been interpreted in precisely the same way, and § 4126(c) directs that prisoners are not to receive compensation for injuries which is greater than that available under the Federal Employees' Compensation Act. *See* 5 U.S.C. § 8101–8152. Liability to federal employees under that Act is "exclusive and instead of all other liability of the United States." 5 U.S.C. § 8116(c). We have interpreted that to mean that the Act "took away [employees'] right to sue the government in tort for medical malpractice arising out of the injury, as well as for the injury itself." *Lance v. United States,* 70 F.3d 1093, 1095 (9th Cir.1995). Other circuits have reached the same conclusion. *See Noble v. United States,* 216 F.3d 1229, 1235–36 (11th Cir.2000); *McCall v. United States,* 901 F.2d 548, 550–551 (6th Cir. 1990); *Gold v. United States,* 387 F.2d 378, 379 (3d Cir.1967); *Balancio v. United States,* 267 F.2d 135, 137 (2d Cir.1959).

## CONCLUSION

When a prisoner is injured on the job, he cannot bring an action against the United States under the FTCA for that injury or for negligence by United States agents regarding the treatment of that injury. The FTCA action is barred by 18 U.S.C. § 4126(c) and the regulations thereunder.

AFFIRMED.