Palmer S. CROWELL, Plaintiff—Appellant,

v.

UNITED STATES of America, Acting by and through the DEPARTMENT OF JUSTICE, Bureau of Prisons, Defendant—Appellee,

and

Arthur R. Tolentino; John Does 1–10, Defendants.

No. 02–36060.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 2004.*

Decided May 6, 2004.

Floyd F. Fulle, Esq., Clinton, WA, for Plaintiff–Appellant.

James L. Sutherland, Esq., Office of the U.S., Eugene, OR, Defendant–Appellee.

Before: REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Palmer Crowell, a federal prisoner, brought a claim under the Federal Tort Claims Act (FTCA) against the United States, Arthur R. Tolentino, and John Does 1–10 for negligent medical treatment following an on-the-job injury in a corrections facility. The claim against Tolentino and the Does was voluntarily dismissed, as it was barred by the statute of limitations. The district court granted the government's motion to dismiss Crowell's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm.

The Prison Industries Fund may be used to compensate "inmates ... for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c). " 'Section 4126 [of the Prison Industries Fund] is ... the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials.' " *Vander v. United States*, 268 F.3d 661, 663–64 (9th Cir.2001) (quoting *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir.1987)); *see also Thompson v. United States*, 495 F.2d 192, 193 (5th Cir.1974) (per curiam) ("Despite the appellant's allegation that the negligence of the hospital worker occasioned further injuries, for which he seeks damages, he is barred from litigating the matter under the Federal Tort Claims Act since the cause of his original injury was work-related"); 28 C.F.R § 301.301(b) ("Compensation may ... be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury" (emphasis added)).

Accordingly, the district court did not err in concluding that the alleged medical malpractice did not constitute a separate and distinct act outside the sole remedy provisions of the Prison Industries Fund. The district court appropriately dismissed Crowell's FTCA claim for lack of subject matter jurisdiction.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

