**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-35219 |
| Plaintiff - Appellee, | D.C. No. 3:09-cv-00309-BR |
| v. | |
| KARL D. CHROMY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Karl D. Chromy appeals pro se from the district court's summary judgment

in an action brought by the United States against Chromy for defaulting on his

federally-insured student loan.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2001).  We affirm.

The district court properly granted summary judgment in favor of the United States because the undisputed facts show that Chromy obtained a student loan and then defaulted on it.  *See id.* (summary judgment appropriate when, reviewing the record as a whole and drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue of material fact); 34 C.F.R. § 682.102(e)(1) (borrower must repay full amount of loan, late fees, collection costs and interest). Although Chromy may be entitled to discharge of his student loan due to his disability, it is undisputed that he did not submit a discharge application before the district court granted summary judgment.  *See* 34 C.F.R. § 682.402(c)(2) (requiring that the borrower seeking a discharge of his loan based on a disability "submit a discharge application to the lender on a form approved by the Secretary"); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("In reviewing a summary judgment, we are limited to the . . . evidence available to the court at the time the motion was made." (citation and internal quotations marks omitted)).

Chromy's remaining contentions are unpersuasive.

**AFFIRMED.**

10-35219