FILED

NOT FOR PUBLICATION

NOV 27 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LARRY DALE JOHNSON,

Plaintiff - Appellant,

v.

FEDERAL BUREAU OF PRISONS;
FEDERAL BUREAU OF PRISONS,
INMATE ACCIDENT COMPENSATION
SYSTEM,

Defendants - Appellees.

No. 11-35345

D.C. No. 3:08-cv-06017-HA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Federal prisoner Larry Dale Johnson appeals pro se from the district court's

summary judgment in his action arising from the Federal Bureau of Prisons's

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of his claim for compensation under the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, for injuries sustained during penal employment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Johnson failed to raise a genuine dispute of material fact as to whether his claim under the IACA was untimely, as Johnson filed it more than six months after he was released and he failed to demonstrate good cause for the delay. *See* 28 C.F.R. § 301.303(a), (f) (absent a demonstration of good cause, a claim under the IACA must be filed no more than sixty days after the inmate's release); *see also Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001) (IACA is the exclusive remedy for prisoners injured during penal employment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or issues raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**