**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES TENNIER; LOIS TENNIER, | No. 15-15038 |
| Plaintiffs-Appellants, | D.C. No. 3:14-cv-00035-LRH-VPC |
| v. | |
| WELLS FARGO BANK, N.A., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 15, 2016
San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Plaintiffs James and Lois Tennier appeal the district court's order granting

summary judgment on all counts in favor of Defendant Wells Fargo Bank, N.A.

("Wells Fargo"). We have jurisdiction under 28 U.S.C. § 1291. "We review the

district court's grant of summary judgment de novo [and] . . . affirm . . . when,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reviewing the record as a whole and drawing all reasonable inferences in favor of the nonmoving party, we find no genuine issue of material fact." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1235 n.1 (9th Cir. 2012) (quoting *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001)). We affirm.

Appellants refinanced a mortgage on their home in December 2007 by signing an Adjustable Rate Mortgage "Pick-A-Payment" Loan with World Savings Bank FSB, which later merged with Wells Fargo.[1] Two documents that Plaintiffs signed—the loan note and a Deferred Interest Acknowledgment—contained explicit warnings to Plaintiffs that if their monthly payment amounts were insufficient to satisfy the interest payment due, negative amortization would occur. Plaintiffs also signed a Truth in Lending Disclosure statement (the "TILDS") that sets forth a payment schedule by listing monthly amounts due. According to Plaintiffs' expert, the monthly payment amounts listed for the first nine years in the TILDS were insufficient to cover the interest due for that corresponding month. As a result, Plaintiffs experienced negative amortization and an increase in their loan balance up until the spring of 2009. Plaintiffs asserted six causes of action: fraudulent omission, breach of contract, breach of implied covenant of good faith

---

[1] We refer to Wells Fargo when discussing its own actions as well as any actions by World Savings Bank FSB as predecessor-in-interest on the note at issue.

and fair dealing, unjust enrichment, and two violations of the Nevada Deceptive Trade Practices Act ("DTPA"). The district court dismissed the unjust enrichment claim and later granted summary judgment in favor of Wells Fargo on the remaining claims. Plaintiffs appeal only the summary judgment order.

1.      The district court construed the fraudulent omissions claim as one of "false representation," which Plaintiffs do not challenge. This claim requires that Plaintiffs prove that Wells Fargo made a representation that it either knew was false or had an insufficient basis of information for making, that it intended to induce Plaintiffs to act or refrain from acting in reliance on the misrepresentation, and that damages resulted. *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). "The suppression of a material fact which a party is bound in good faith to disclose is equivalent to a false representation, since it constitutes an indirect representation that such fact does not exist." *Midwest Supply, Inc. v. Waters*, 510 P.2d 876, 878 (Nev. 1973) (quoting *Villalon v. Bowen*, 273 P.2d 409, 414 (Nev. 1954)).

The district court properly granted summary judgment on this claim because there is no evidence that Wells Fargo made any misrepresentation or had a duty to inform Plaintiffs that the monthly payments amounts listed in the TILDS were not sufficient to cover the interest due. Many provisions of the loan documents

explicitly warned Plaintiffs that any payment below the amount of interest due would cause negative amortization. Appellants argue that the statements in the documents only warned Plaintiffs that negative amortization "may" occur, which was misleading—or even false—because the payment amounts listed in the TILDS were sure to cause negative amortization. We disagree. The statements accurately warned Plaintiffs what would occur if a monthly payment was insufficient. Because there is no evidence that Wells Fargo made any misrepresentation or suppressed any fact that it was bound in good faith to disclose to Plaintiffs, the fraud claim fails. We need not address Wells Fargo's argument that this claim is time-barred.

2. The district court correctly granted summary judgment on Plaintiffs' breach of contract claim. Nothing in the loan documents required that each payment listed in the TILDS schedule satisfy the interest due, and the loan documents expressly warned Plaintiffs of the risk of negative amortization. Plaintiffs point to no evidence showing that Wells Fargo did not adhere to its obligations under the parties' agreement.

3. Plaintiffs contend that the district court erroneously granted summary judgment on their claim of breach of the implied covenant of good faith and fair dealing, which occurs when "the terms of a contract are literally complied with but

one party to the contract deliberately countervenes the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991). The district court did not err in granting summary judgment on this claim. The disclosures that Wells Fargo provided—and that Plaintiffs signed—were fair warning to Plaintiffs that they should ensure their monthly payments met the interest due if they wanted to avoid negative amortization. There is no evidence in the record that suggests Wells Fargo engaged in any conduct meant to ensure that Plaintiffs' payments did not satisfy the interest due.

4.     The district court also properly granted summary judgment on both of Plaintiffs' claims under the DTPA. The record contains no evidence that Wells Fargo engaged in any of the deceptive practices prohibited by that statute. *See* Nev. Rev. Stat. §§ 41.600(2)(e), 598.0915–598.0925.

**AFFIRMED.**