FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIELLE MULL, appointed Guardian Ad Litem for C. Mull; C. MULL, as Plaintiff and Danielle Mull is Appointed Guardian Ad Litem for C. Mull, *Plaintiffs-Appellees,* | No. 15-56246 <br><br> D.C. No. 2:12-cv-06693-VBF-MAN |
| LENAI MULL; NORMAN MULL, *Plaintiffs-Counter-Defendants-Appellees,* | OPINION |
| v. | |
| MOTION PICTURE INDUSTRY HEALTH PLAN, *Defendant-Appellant,* | |
| BOARD OF DIRECTORS OF MOTION PICTURE INDUSTRY HEALTH PLAN, *Defendant-Counter-Claimant-Appellant.* | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted June 7, 2017
Pasadena, California

Filed August 1, 2017

Before: Susan P. Graber and Mary H. Murguia, Circuit
Judges, and Susan R. Bolton,[*] District Judge.

Opinion by Judge Bolton

## SUMMARY[**]

### Employee Retirement Income Security Act

The panel vacated the district court's grant of summary
judgment in favor of the plaintiffs in an ERISA action.

The district court enjoined an ERISA plan and its board
of directors from enforcing Summary Plan Description
provisions regarding reimbursement of benefits previously
paid upon a plan participant's receipt of a third-party
recovery.    The    district    court    ruled    that    these
reimbursement/recoupment provisions were not enforceable
under ERISA because they were found only in the Summary
Plan Description and not in any document that constituted
the ERISA plan.

---

[*] The Honorable Susan R. Bolton, United States District Judge for
the District of Arizona, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

The panel concluded that a Motion Picture Industry Plan Agreement and Declaration of Trust, along with the Summary Plan Description, together comprised the ERISA plan because only the Summary Plan Description provided the basis on which payments were made to and from the plan. The panel distinguished *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), which held that summary documents do not constitute the terms of an ERISA plan when there exist both a governing plan document and a summary plan description. The panel vacated the district court's grant of summary judgment and remanded for further proceedings.

## COUNSEL

Kathryn Jane Halford (argued) and Elizabeth Rosenfeld, Wohlner Kaplon Cutler Halford & Rosenfeld, Encino, California, for Defendants-Appellants.

Donald Mitchell de Camara (argued), Law Office of Donald M. de Camara, Carlsbad, California; Drew M. Widders and Daniel E. Wilcoxen, Wilcoxen Callahan LLP, Sacramento, California; for Plaintiffs-Appellees.

## OPINION

BOLTON, District Judge:

This appeal arises from the order of the district court granting summary judgment in favor of Plaintiffs Norman, Danielle, Lenai, and C. Mull on claims under the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendants Motion Picture Industry Health Plan (the "Plan") and the Board of Directors of the Plan.

The Plan is a self-funded multi-employer health and welfare benefit plan established under a Motion Picture Industry Plan Agreement and Declaration of Trust (the "Trust Agreement"). The Board of Directors are named fiduciaries and administrators of the Plan. The Board adopted the Motion Picture Industry Health Plan Summary Plan Description for Active Participants (the "SPD"), which specifies eligibility requirements, conditions for the receipt of benefits, the types of benefits, and the amount and duration of benefits provided to participants and their eligible dependents.

Two related provisions of the SPD are relevant to this appeal. The SPD provides that no benefits will be payable in a third-party liability claim unless the participant, or applicable dependent, agrees to reimburse the Plan for any benefits previously paid upon receipt of a third-party recovery. The SPD further states that if reimbursement is requested but not received by the Plan, the amount of the benefits paid will be deducted from all future benefits payable to the participant and his or her dependents.

Lenai was injured in a motor vehicle accident in 2010. At the time of her accident, she received health benefits from the Plan as a dependent of Norman. The Plan extended $147,948.38 in benefits to Lenai for treatment of her injuries.

In 2011, Lenai received a $100,000 recovery from a third party involved in the accident. The Plan sought reimbursement, but Lenai declined. The Plan then instituted its overpayment procedures to recoup $100,000 from future benefits payable to Norman and the other beneficiaries under his policy.

Lenai and Norman, joined by other family-member beneficiaries under Norman's policy, sued the Plan and the

Board for declaratory relief, injunctive relief, and recovery of benefits. The Board filed a counterclaim against Lenai and Norman for equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), seeking an equitable lien or a constructive trust to recover the $100,000 received by Lenai from the third party.

Lenai then filed for Chapter 7 bankruptcy, and the bankruptcy court discharged the counterclaim against her. In this action, the district court later dismissed the counterclaim against Norman on grounds not challenged on appeal.

On Plaintiffs' claims, the district court granted summary judgment to Plaintiffs. The court ruled that, because the reimbursement/recoupment provisions that the Plan sought to enforce were found only in the SPD and not in any document that constituted "the plan," the reimbursement/recoupment provisions were not legally enforceable under ERISA. The district court enjoined Defendants from enforcing the reimbursement/recoupment provisions, and the court directed Defendants to reimburse Norman $1,861 in benefits previously recouped. We vacate and remand.

## I.

We have jurisdiction to hear an appeal from a final order of the district court pursuant to 28 U.S.C. § 1291, and we review de novo a district court's grant of summary judgment. *Fin. Mgmt. Advisors, LLC v. Am. Int'l Specialty Lines Ins. Co.*, 506 F.3d 922, 925 (9th Cir. 2007). Findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. *Metro. Life Ins. Co. v. Parker*, 436 F.3d 1109, 1113 (9th Cir. 2006); *Conestoga Servs. Corp. v. Exec. Risk Indem., Inc.*, 312 F.3d 976, 981 (9th Cir. 2002).

**II.**

ERISA requires that every employee benefit plan include (1) a procedure for establishing and carrying out a funding policy, (2) the procedure for the allocation of responsibilities for operation and administration of the plan, (3) a procedure for amending the plan and the identity of persons with the authority to do so, and (4) the basis on which payments are made to and from the plan. 29 U.S.C. § 1102(b). The Trust Agreement, originally written in 1977, meets the first three requirements. But, because the Trust Agreement does not provide a basis on which payments are made to and from the Plan, the Trust Agreement does not meet the fourth requirement. Instead, Trust Agreement Article VI, Section 3, titled "Written Plan of Benefits," states: "After determination of the detailed basis upon which payments of Benefits is to be made pursuant to this agreement, the same shall be specified in writing by appropriate resolution of the [Board of] Directors . . . ."

The Board carried out the Trust Agreement's directive by approving the SPD, which supplies, in great detail, the basis for payments. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1131 (10th Cir. 2011) ("[T]he SPD cannot create terms that are not also *authorized by*, or reflected in, governing plan documents." (emphasis added)). The natural conclusion is that "the plan" is comprised of two documents: the Trust Agreement and the SPD.

The Board clearly intended that result. For example, the SPD states: "If you have selected the self-funded medical and hospital benefits provided by the [Motion Picture Industry] Health Plan, benefit details are included in this *Summary Plan Description.*" Two pages later the SPD states: "The Plan is operated under the provisions of an

Agreement and Declaration of Trust, and all benefits provided are subject to the terms of the Trust, this Plan of Benefits and the Group Master Contracts issued by: [various health benefits providers]." The SPD also provides, in the section titled "Employee Retirement Income Security Act of 1974," that "[t]his book constitutes both the Plan document and the *Summary Plan Description* for the Motion Picture Industry Health Plan."

In summary, neither the Trust Agreement nor the SPD meets ERISA's requirements for constituting a plan. But by clear design reflected in provisions of both documents, the two documents *together* constitute a plan. Accordingly, we conclude that the ERISA plan is the Trust Agreement plus the SPD.[1]

The Supreme Court's decision in *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), is not to the contrary. In *Amara*, the Court held that "summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan for purposes of [ERISA] § 502(a)(1)(B)." *Amara*, 563 U.S. at 438; *see also US Airways, Inc. v. McCutchen*, 133 S. Ct. 1537, 1543 n.1

---

[1] Plaintiffs point out that Article VI uses the future tense (the Board "shall" specify the basis of payments), that the effective date of the Trust Agreement is 2010, and that the SPD was approved in 2007. Plaintiffs conclude that the SPD therefore cannot constitute the relevant basis of payments. We are unpersuaded. Article VI was last revised in 1977; at most, Plaintiffs have pointed out an editing oversight that cannot undo the otherwise clear intent of the Board. Moreover, without the SPD, there would be no plan at all, because the Trust Agreement contains no benefits of any kind. We decline to adopt an interpretation of the documents that would render the plan a nullity, thereby contradicting the longstanding practice and understanding of the parties that a plan exists.

(2013) ("We have made clear that the statements in a summary plan description 'communicate with beneficiaries *about* the plan, but do not themselves constitute the *terms* of the plan.'" (alterations omitted) (quoting *Amara*, 563 U.S. at 438)). We have clarified that "*Amara* addressed only the circumstance where both a governing plan document *and* an SPD existed, and the plan administrator sought to enforce the SPD's terms *over* those of the plan document. It did not address the situation . . . that a plan administrator seeks to enforce the SPD as the one and only formal plan document." *Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166, 1170 (9th Cir. 2015). Accordingly, "an SPD may constitute a formal plan document, consistent with *Amara,* so long as the SPD neither adds to nor contradicts the terms of existing Plan documents." *Id.*; *see also Eugene S.*, 663 F.3d at 1131 ("We interpret *Amara* as presenting either of two fairly simple propositions, given the factual context of that case: (1) the terms of the SPD are not enforceable when they conflict with governing plan documents, or (2) the SPD cannot create terms that are not also authorized by, or reflected in, governing plan documents."). Here, the SPD is part of the plan itself, and there is no conflict between the SPD and the Trust Agreement. *Amara* does not prohibit this type of arrangement.

## III.

The district court erred in concluding that the SPD is not part of the Motion Picture Industry Health Plan. On appeal, Plaintiffs raised four alternative grounds to affirm. Those issues were raised but not decided by the district court, including whether the reimbursement provision is enforceable against any Plaintiff other than Lenai. We decline to reach those issues in the first instance, leaving them to the district court to consider on remand. Therefore,

we vacate the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED.**  The parties shall bear their own costs on appeal.