
**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEVERLY RUTT, | No. 17-15788 |
| Plaintiff-Appellant, | |
| v. | D.C. No. CV-14-02539-PHX-DLR |
| WILBUR LOUIS ROSS, JR., SECRETARY, U.S. DEPARTMENT OF COMMERCE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted November 14, 2018[**]
San Francisco, California

Before:  GRABER and BENNETT, Circuit Judges, and KOBAYASHI,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Leslie E. Kobayashi, United States District Judge for the
District of Hawaii, sitting by designation.

Beverly Rutt appeals from the district court's summary judgment in favor of Wilbur Louis Ross, Jr., Secretary, U.S. Department of Commerce ("the Department") on her gender and age discrimination claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Mull ex rel. Mull v. Motion Picture Indus. Health Plan, 865 F.3d 1207, 1209 (9th Cir. 2017). We affirm.

Rutt failed to raise a genuine dispute of material fact as to whether the Department's legitimate non-discriminatory reasons for terminating her were pretextual. See Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112–13 (9th Cir. 2011) (noting that circumstantial evidence of pretext must be "'specific' and 'substantial'" to create a triable issue (quoting Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1222 (9th Cir. 1998))). The Department's articulated reasons for Rutt's termination were her "questionable " and "unusual " work hours combined with her low productivity. Although Rutt provided evidence that the Department did not follow its termination documentation procedures and that three of her fellow enumerators also exhibited low productivity, that evidence is insufficient to create a genuine issue of material fact as to whether the Department's articulated reasons

2

are pretextual because none of the other enumerators exhibited Rutt's unique pattern of questionable and unusual work hours combined with low productivity.

**AFFIRMED.**