**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN K. BLACK; et al., | No.   18-15296 |
| Plaintiffs-Appellants, | D.C. No. 3:16-cv-00486-EDL |
| v. | |
| GREATER BAY BANCORP EXECUTIVE SUPPLEMENTAL COMPENSATION BENEFITS PLAN; WELLS FARGO BANK, N.A., | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| SUSAN K. BLACK; et al., | No.   18-15730 |
| Plaintiffs-Appellees, | D.C. No. 3:16-cv-00486-EDL |
| v. | |
| GREATER BAY BANCORP EXECUTIVE SUPPLEMENTAL COMPENSATION BENEFITS PLAN; WELLS FARGO BANK, N.A., | |
| Defendants-Appellants. | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted October 3, 2019
San Francisco, California

Before: W. FLETCHER and PAEZ, Circuit Judges, and CHOE-GROVES,[**] Judge.

This case concerns a dispute over the amount of retirement benefits due to three former executive-level employees of Greater Bay Bancorp ("GBBK") under a benefits plan administered by GBBK's successor, Wells Fargo Bank. The district court granted summary judgment to defendants Greater Bay Bancorp Executive Supplemental Compensation Benefits Plan and Wells Fargo Bank (collectively, "Wells Fargo") on the employees' claims under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). The district court then denied Wells Fargo's motion for attorneys' fees under § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1). The employees appealed the disposition of the parties' cross-motions for summary judgment, and Wells Fargo appealed the denial of its motion for attorneys' fees. We affirm both orders.

---

[**] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

2

Susan Black, Steven Smith, and Kimberly Burgess were participants in the top level of GBBK's Executive Supplemental Compensation Benefits Plan. The plan agreement between each of the employees and GBBK includes only two types of benefits: (1) a normal retirement benefit (or early retirement benefit if an employee retires before age sixty-two) and (2) a supplemental benefit through a secular trust. The plan agreement states that the plan provides no death benefits except for any supplemental benefits provided through the secular trusts. The secular trust agreements, which are included in each employee's plan agreement as an attached schedule, do not mention any death benefits. Instead, they require the bank to make a series of defined annual contributions to the trusts sufficient to make specified annual payments to the employees through age eighty-five.

Nonetheless, the employees contend that they are entitled to a guaranteed death benefit. They contend that Wells Fargo, which succeeded GBBK as plan administrator when the two banks merged, must fund the secular trusts so they contain enough money not only for the annual payments, but also to make those payments without diminishing the value of the whole life insurance policies held by the trusts as investment vehicles. First, the employees cite summary plan documents and benefits projections that show a death benefit remaining in the trusts after the annual payments end. Second, the employees argue that Wells

3

Fargo must abide by the decision of the Benefits Determiner the employees appointed with the trustees of the secular trusts.

We hold that the plan is unambiguous and that it contains no guaranteed death benefit. We therefore need not resolve the allocation of authority between the Benefits Determiner and Wells Fargo under the plan agreement. Summary plan documents and other extrinsic evidence cannot add benefits that appear nowhere in the plan documents themselves. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011); *Mull ex rel. Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207, 1210 (9th Cir. 2017).

The district court declined to exercise its discretion under § 502(g)(1) to award Wells Fargo its attorneys' fees. We will disturb a district court's decision on a motion for attorneys' fees only if the district court "used incorrect legal standards" or "committed a clear error of judgment." *See Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1057 (9th Cir. 2017) (internal quotation marks and citations omitted). In ERISA cases, a district court's discretion on a motion for attorneys' fees must be guided by the five factors announced in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). *See Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010).

Here, the district court carefully considered the *Hummell* factors, and its conclusion was reasonable.

We decline to address Wells Fargo's late-raised argument that the fee-shifting provision in the plan agreement may serve as an independent basis for an award of fees. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). Wells Fargo's motion to the district court sought an award of fees only under § 502(g)(1) of ERISA.

**AFFIRMED.**