**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

SUNDAY'S CHILD, LLC; et al.,

    Plaintiffs-counter-
    defendants,

  v.

IRONGATE AZREP BW LLC,

    Defendant-counter-claimant-
    Appellee,

  v.

J. PATRICK FLEMING, Jr.,

    Movant-Appellant.

No.   18-16253
        18-16844

D.C. No.
1:13-cv-00502-DKW-RLP

MEMORANDUM[*]

---

SUNDAY'S CHILD, LLC; et al.,

    Plaintiffs-counter-
    defendants-Appellants,

  v.

IRONGATE AZREP BW LLC,

    Defendant-counter-claimant-
    Appellee.

No.   18-16789

D.C. No.
1:13-cv-00502-DKW-RLP

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted February 3, 2020
Honolulu, Hawaii

Before: FARRIS, McKEOWN, and BADE, Circuit Judges.

Plaintiffs/Counter-Defendants Sunday's Child, LLC, et al.,[1] appeal the district court's entry of summary judgment in favor of Defendant/Counter-Claimant Irongate AZREP BW LLC ("Irongate") on the claims asserted in Sunday's Child's First Amended Complaint ("FAC") involving certain sales contracts executed in 2006 ("Sales Contracts"), and on Irongate's counterclaim based on a settlement agreement executed in 2011 ("Settlement Agreement"). Sunday's Child also appeals the district court's entry of sanctions against its sole member, non-party Ingrid Wang, and Sunday's Child's former counsel, J. Patrick Fleming, appeals the same sanctions order.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *see Mull ex rel. Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207, 1209 (9th Cir. 2017), and its sanctions order for an abuse of discretion, *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409

---

[1] Plaintiffs/Counter-Defendants are four limited liability companies sharing the same sole member and are collectively referred to as "Sunday's Child."

(1990).  We reverse the district court's entry of summary judgment on Sunday's Child's claims, affirm the entry of summary judgment on Irongate's counterclaim, and vacate the entry of sanctions against Wang and Fleming.

I.

This is the second time this case has been before this court.  In our first decision, we recounted the contract provisions at the heart of this appeal—Section D.37 of the Sales Contracts and Sections 4 and 8 of the Settlement Agreement—and held that certain language in Section 8 was ambiguous and that certain language in Section 4 was "at least ambiguous."  *See Sunday's Child, LLC v. Irongate AZREP BW LLC*, 666 F. App'x 587, 589-91 (9th Cir. 2016).  On remand, the district court considered extrinsic evidence and interpreted those sections as a matter of law.  We conclude that it erred in doing so.

Under Hawaii law, "[w]hen an ambiguity exists so that there is some doubt as to the intent of the parties, intent is a question for the trier of fact."  *Found. Int'l, Inc. v. E.T. Ige Constr., Inc.*, 78 P.3d 23, 33 (Haw. 2003).  Summary judgment is thus generally improper in cases involving an ambiguous contract.  *See, e.g.*, *Courbat v. Dahana Ranch, Inc.*, 141 P.3d 427, 436 (Haw. 2006); *Wittig v. Allianz, A.G.*, 145 P.3d 738, 744 (Haw. Ct. App. 2006).  In the light most favorable to Sunday's Child, the record reflects several disputes of material fact precluding summary judgment.

3

First, genuine disputes exist as to whether Sunday's Child intended to (1) release all future claims for excess deposits if Irongate terminated the Sales Contracts and (2) convert its original deposits to non-refundable payments. Wang attested in an affidavit that she would not have signed the Settlement Agreement on behalf of Sunday's Child had she known that it released all of Sunday's Child's rights to recover the deposits if Irongate terminated the Sales Contracts.[2]

Second, to the extent Sunday's Child's attorneys' understanding of the Settlement Agreement can be imputed to Sunday's Child to establish intent, genuine disputes exist as to whether they understood the Settlement Agreement as (1) releasing all future claims for excess deposits and (2) converting the original deposits to non-refundable payments. Wang testified that one of Sunday's Child's attorneys advised her that he did not understand what the consequences would be under the Settlement Agreement if Sunday's Child failed to close. Further, the evidence shows that shortly after the parties executed the Settlement Agreement, a second attorney for Sunday's Child (1) told Fleming that if Sunday's Child defaulted, it would need to "proceed" with the then-ongoing litigation against

---

[2] Although Sunday's Child and Fleming submitted this affidavit only in response to Irongate's motion for sanctions, the district court had the affidavit readily before it as it simultaneously ruled on the motion for summary judgment and motion for sanctions. In determining whether a grant of summary judgment is proper, this court "review[s] the record as a whole." *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001) (citations omitted).

4

Irongate, (2) advised Irongate that Sunday's Child had the "right" to "get back" its excess deposits less costs and fees, and (3) told Irongate that he needed a tolling agreement to protect Sunday's Child's claims.

Third, there are genuine disputes as to whether Sunday's Child knew or reasonably should have known that Irongate understood the Settlement Agreement as (1) releasing all future claims for excess deposits and (2) converting the original deposits to non-refundable payments. *See Found. Int'l, Inc.*, 78 P.3d at 33-34.

Fourth, a genuine dispute exists as to whether a claim for excess deposits upon Irongate's termination of the Sales Contracts and retention of all deposits "could have been made or asserted in the Litigation" as required for release under Section 8. This language has never been found to be ambiguous, and Section 8 should be interpreted in a manner that does not render other provisions meaningless. *See Stanford Carr Dev. Corp. v. Unity House, Inc.*, 141 P.3d 459, 470 (Haw. 2006). As we previously explained, Sunday's Child's claims for excess deposits "post-date the Litigation and the signing of the Settlement Agreement." *See Sunday's Child, LLC*, 666 F. App'x at 590.

We therefore reverse the district court's entry of summary judgment on Sunday's Child's claims asserted in the FAC.[3]

---

[3] We deny Fleming's request for judicial notice, *see* Dkt. 22 (No. 18-16253), because neither document is necessary to resolve this appeal and both documents could have been submitted to the district court. *See Lobatz v. U.S. W. Cellular of*

II.

We affirm the entry of summary judgment in favor of Irongate on its counterclaim. Sunday's Child's affirmative defenses of duress, unconscionability, unjust enrichment, and unclean hands either have not been legally recognized in Hawaii or are unsupported by the record.

III.

Because we reverse the district court's entry of summary judgment on Sunday's Child's claims, we vacate the sanctions against Wang and Fleming.

Each party shall bear its own costs for this consolidated appeal.

**1) The district court's entry of summary judgment in favor of Irongate on Sunday's Child's claims is REVERSED and REMANDED for further proceedings.**

**2) The district court's entry of summary judgment in favor of Irongate on its counterclaim is AFFIRMED.**

**3) The district court's entry of sanctions against Wang and Fleming is VACATED.**

---

*Cal., Inc.*, 222 F.3d 1142, 1148 n.4 (9th Cir. 2000).