**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VRAM ISMAILYAN, | No. 19-56466 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-07225-FMO-AGR |
| v. | |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, a limited liability company, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted September 14, 2021
Pasadena, California

Before: GOULD, BERZON, and COLLINS, Circuit Judges.

Jaguar Land Rover North America, LLC ("Jaguar") seeks reversal of a jury

award of $57,177.58 related to a Range Rover ("The Car") leased by Plaintiff-

Appellee Vram Ismailyan. Ismailyan signed the lease for The Car. Ismailyan's

friend, Alen Bahramjian, paid all expenses for The Car, including all lease

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

payments. Jaguar asks this Court to hold that substantial evidence did not support the jury's award because Ismailyan did not suffer any monetary loss. In the alternative, Jaguar assigns error to three of the district court's rulings. We affirm.

This court reviews conclusions of law *de novo*. *Mull ex rel. Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207, 1209 (9th Cir. 2017). Factual findings made by the jury are reviewed for substantial evidence. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1008 (9th Cir. 2004). Substantial evidence "is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). We review *de novo* whether the district court correctly interpreted the hearsay rule. *See United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017). However, the admission of evidence under a hearsay exception is reviewed for abuse of discretion. *Id.* To reverse an evidentiary ruling, an error must have "more likely than not affected the verdict." *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) (quoting *United States v. Angwin*, 271 F.3d 786, 798 (9th Cir. 2001)). "A district court's compliance with local rules is reviewed for 'an abuse of discretion.'" *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (quoting *Hinton v. Pac. Enters.,* 5 F.3d 391, 395 (9th Cir. 1993)).

1.      Substantial evidence supports the jury's award of damages to Ismailyan. Ismailyan was the only person who signed the lease for The Car, and

2

he was the "buyer" under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 et seq. *See* § 1793.2(d)(2)(D). He was legally obligated to make The Car's lease payments and in return was promised a car along with Jaguar's express and implied warranties. At trial, the jury heard evidence regarding the performance of The Car sufficient to conclude that it was in common parlance a "lemon."[1] The jury also heard evidence that Jaguar received all lease payments for The Car, and the jury award did not exceed the total lease payments. Ismailyan, then, received "restitution in an amount equal to the actual price paid or payable by" him. *Id.* § 1793.2(d)(2)(B). While this case presents unusual facts, it would make no sense to strain to read the statute as barring a plaintiff, who was the contractual purchaser and was responsible for assuring that the lease payments were made, from recovering under a law designed to protect consumers. *See Murillo v. Fleetwood Enters., Inc.*, 953 P.2d 858, 860 (Cal. 1998) ("[T]he Song-Beverly Act is strongly pro-consumer.").

    2.    The district court did not err in admitting statements by Jaguar dealership employees as non-hearsay party-opponent statements. The Song-

---

[1] Jaguar, for the first time at oral argument, also raised arguments related to Article III standing. Ismailyan suffered a concrete injury when, after he signed the lease for The Car, Jaguar failed to provide a car according with its warranty. That someone else was to drive The Car does not matter. Ismailyan intended to provide his friend with a drivable car, not a lemon, and was injured when he was unable to do so.

Beverly Act requires manufacturers of consumer goods that have express warranties to maintain "sufficient service and repair facilities" or to "designate . . . independent repair or service facilities . . . to carry out the terms of the warranties." Cal. Civ. Code § 1793.2(a)(1)(A). Ismailyan sought restitution regarding an express warranty by Jaguar, not the dealership. Jaguar never sought to repair The Car itself; rather, it delegated this duty to its authorized dealerships, which acted as Jaguar's agents for this limited purpose. *See Ibrahim v. Ford Motor Co.*, 263 Cal. Rptr. 64, 70 (Ct. App. 1989) (noting that, elsewhere in the Song-Beverly Act, a car dealership is expressly characterized as an "agent" and a "representative" of the manufacturer for the limited purpose of carrying out repairs required under the express warranty). The dealership employees' statements were "on a matter within the scope" of that agency, *see* Fed. R. Evid. 801(d)(2)(D), because they all related to the dealerships' efforts to repair The Car in accordance with the express warranty. They were thus properly admitted as statements by a party-opponent.

3. Finally, even if the district court abused its discretion in striking Jaguar's post-trial motion and denying Jaguar's *ex parte* application, any error was harmless. *See* Fed. R. Civ. P. 61. Jaguar's post-trial motion under Rules 50 and 59 restated substantially the same arguments Jaguar had already made in its initial Rule 50 motion and in its objections at trial. All of Jaguar's substantive claims were appealed to and heard by this Court, and we have upheld the district court's

4

rejection of Jaguar's arguments.  The district court's refusal to entertain Jaguar's post-trial motion therefore did not affect Jaguar's substantial rights.  Fed. R. Civ. P. 61.

The district court's ruling is **AFFIRMED** and this case is remanded for a determination of the appropriate attorney fee award to Appellee under Cal. Civ. Code § 1794(d).  Appellee is entitled to recover its costs on appeal.