NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BRISTOL SL HOLDINGS, INC., a California corporation, in its capacity as the owner of the claims for Sure Haven, Inc., a California corporation,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut corporation; CIGNA BEHAVIORAL HEALTH, INC., a Connecticut corporation,<br><br>        Defendants-Appellees. | No.   23-55019<br><br>D.C. No.<br>8:19-cv-00709-PSG-ADS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted December 7, 2023
San Francisco, California

Before: S.R. THOMAS, BRESS, and JOHNSTONE, Circuit Judges.

We consider Bristol SL Holdings, Inc.'s ERISA claim against defendants

Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(collectively, "Cigna"). The district court granted summary judgment to Cigna and denied Bristol's motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the grant of summary judgment de novo, *Silverado Hospice, Inc. v. Becerra*, 42 F.4th 1112, 1118 (9th Cir. 2022), we affirm.[1]

1. The district court correctly granted summary judgment to Cigna on Bristol's claim for benefits due under an ERISA plan. 29 U.S.C. § 1132(a)(1)(B).

a. The district court correctly applied abuse of discretion review to Cigna's denial of reimbursement. "When a plan does not confer discretion on the administrator 'to determine eligibility for benefits or to construe the terms of the plan,' a court must review the denial of benefits de novo . . . ." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). "But if the plan *does* confer discretionary authority as a matter of contractual agreement, then the standard of review shifts to abuse of discretion." *Id.* (citing *Firestone*, 489 U.S. at 115). Discretionary authority exists when the plan "give[s] a plan administrator the authority to interpret the plan's terms and to make final benefits determinations . . . ." *Id.* at 964.

Cigna proffered various plan documents all stating that "[t]he Plan

---

[1] In a concurrently filed opinion, we hold that ERISA preempts Bristol's state law claims against Cigna for breach of contract and promissory estoppel.

2

Administrator delegates to Cigna discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan." The district court correctly found this language sufficient to confer discretion on Cigna. *See id.* at 963–64.

Bristol argues that Cigna's example plan documents are insufficient because they are summary plan descriptions (SPDs) rather than formal plans. At oral argument, Cigna's counsel appeared to agree that the documents Cigna relied upon below were SPDs. Even so, our conclusion that abuse of discretion review applies is unaltered.

Statements contained in SPDs "do not themselves constitute the *terms* of the plan for purposes of" § 1132(a)(1)(B). *CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011). But as we have explained, "*Amara* addressed only the circumstance where both a governing plan document *and* an SPD existed, and the plan administrator sought to enforce the SPD's terms *over* those of the plan document." *Prichard v. Metropolitan Life Ins. Co.*, 783 F.3d 1166, 1170 (9th Cir. 2015). An SPD can still operate as a plan document for purposes of § 1132(a)(1)(B) if it is "part of the Plan's 'written instrument.'" *Id.* at 1171. That is, "an SPD may constitute a formal plan document, consistent with *Amara*, so long as the SPD neither adds to nor contradicts the terms of existing Plan documents." *Mull for Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207, 1210 (9th Cir. 2017) (quoting *Prichard*, 783 F.3d at

3

1170).

Here, each of Cigna's example plan documents states that it is part of a "Plan" and that it "takes the place of any documents previously issued . . . which described benefits." A Cigna witness testified without contradiction that "the Cigna plans give Cigna the authority to interpret and enforce the terms of those plans." And Cigna in the district court offered to "supplement [its] exemplar[s]" with "other plan documents, which Cigna did not provide only because they are voluminous and thousands of pages long." Bristol did not take Cigna up on that offer, nor did it challenge the adequacy of Cigna's example documents by moving to compel production of additional documents or asking to extend the discovery period to obtain them (Cigna represents that these documents were in fact produced). Considering that all the evidence in the record supports Cigna having discretionary authority to interpret plan terms, the burden shifted to Bristol to provide some evidence that the plans lacked discretionary authority. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Bristol identified no such evidence.

We also reject Bristol's argument that de novo review is required because Cigna briefed only exemplar plan documents, as opposed to 106 separate documents corresponding to each patient whose claims Cigna denied. As noted, Cigna offered to provide the court with additional documents and offered uncontroverted testimony that the plans "give Cigna the authority to interpret and enforce [their] terms."

4

Where Bristol failed to meaningfully challenge this conclusion, Cigna's representative submissions, supporting testimony, and offer of proof were sufficient to carry its summary judgment burden. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

b.      Under abuse of discretion review, "a plan administrator's decision 'will not be disturbed if reasonable.'" *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 929 (9th Cir. 2012) (quoting *Conkright v. Frommert*, 559 U.S. 506, 521 (2010)). The abuse of discretion standard is "deferential," *id.*, and a plan administrator contravenes it "only if it (1) renders a decision without explanation, (2) construes provisions of the plan in a way that conflicts with the plain language of the plan, or (3) relies on clearly erroneous findings of fact," *Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005). There was no abuse of discretion here.

*First*, Cigna explained its claim denials "in reasonably clear language, with specific reference to the plan provisions that form the basis for the denial." *Booton v. Lockheed Med. Ben. Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997). Before denying Sure Haven's claims, Cigna sent Sure Haven a letter citing a plan provision permitting Cigna to exclude from coverage "charges which [members] are not obligated to pay or for which [members] are not billed." Cigna explained that, given its suspicion that Sure Haven was forgiving patient financial contributions, or "fee-

5

forgiving," Cigna would begin to deny Sure Haven's claims unless Sure Haven established proof of patient payment with appropriate documentation. Then, with respect to each claim it denied pursuant to this "fee-forgiving flag," Cigna sent Sure Haven an "Explanation of Medical Benefits Report" that directed Sure Haven to the relevant plan provision, instructed Sure Haven that Cigna would "reconsider" reimbursement upon receiving sufficient documentation, and informed Sure Haven of its right to seek review of Cigna's final decision. These communications satisfied Cigna's obligation to engage in "meaningful dialogue" concerning its claim denials. *Booton*, 110 F.3d at 1463.

*Second*, Cigna's claim denials were premised on a permissible interpretation of its plans. As Cigna explained to Sure Haven, Cigna interprets the operative plan provision to mean that "[i]f a Cigna customer is not obligated to pay or billed a charge, any claim for reimbursement for any part of that charge under such a contract or benefit plan is not covered." Bristol does not challenge Cigna's interpretation of the plan, and courts have held that this interpretation of identical or nearly identical plan language is reasonable. *See N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 952 F.3d 708, 711, 715 (5th Cir. 2020); *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 701–02 (7th Cir. 1991); *see also SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).

*Third*, the evidence supports Cigna's claim denials. Cigna had a reasonable

basis for its initial suspicion that Sure Haven was waiving patient payments. After an internal investigation raised red flags, Cigna sent letters to thirty Sure Haven patients requesting billing information, made an undercover inquiry as to Sure Haven's rates, and conducted audits of Sure Haven's patient records. Each of those efforts pointed to fee-forgiving, with Cigna's outside investigator ultimately unearthing "[o]nly limited evidence that [Sure Haven] ever [] billed for co-pays or deductibles."

Cigna also had a reasonable basis for concluding that Sure Haven failed to provide the proof of patient payment that Cigna requested pursuant to its fee-forgiving flag. Of the many pages of documents that Bristol alleges constitute proof of patient payment submitted to Cigna, only a small minority plausibly respond to Cigna's request for evidence that the Cigna insureds actually incurred the expense. And it is impossible to discern whether those few responsive documents were submitted to Cigna within a reasonable time after Cigna's claim denials—which took place in 2015—or were instead submitted several years later, during settlement negotiations.

Bristol's mixed bag of submissions was far from "reliable evidence" that Cigna was required to credit, *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003), and may not even have been properly before Cigna during its benefits determinations, *see Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 976 (9th Cir. 1999).

On this record, there thus can be no "definite and firm conviction" that Cigna's denials were mistaken, or that Cigna relied on "clearly erroneous findings of fact." *Boyd*, 410 F.3d at 1178–79 (citation omitted). We note that the district court likewise found that Sure Haven's documentation "indicated a lack of cost-sharing with patients."

*Finally*, we find no error in the district court's conclusion that Cigna was not conflicted since "the vast majority of plans administered by Cigna are 'self-funded,'" meaning that Cigna does not stand to gain from denying claims. Cigna's unrebutted testimony below was that "Cigna is not paid a fee or any portion of the 'savings' generated through denying claims due to suspicion of fraud." Where Bristol countered with no affirmative evidence of a conflict of interest, Cigna's evidence was sufficient for purposes of summary judgment. *See Anderson*, 477 U.S. at 249–50.

2. We review the denial of a motion for reconsideration for abuse of discretion. *Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018). The "[d]enial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012). Here, the district court did not abuse its discretion in concluding that Bristol's motion for reconsideration contravened Central District Local Rules 7-3 and 7-18. And the motion lacked merit in any event.

8

**AFFIRMED.**