**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-50670

_____

JOHN PAUL ELLIS, JR.,

                                                            Plaintiff-Appellant,

versus

FEDERAL PRISON INDUSTRIES,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas

(A-94-CV-608)

_____

July 30, 1996

Before JOLLY,  DUHÉ,  and STEWART, Circuit Judges.


CARL E. STEWART, Circuit Judge:[*]

       Ellis appeals from the district court's dismissal of his prison inmate accident compensation

claim pursuant to 18 U.S.C. § 4126.  Finding that this court lacks subject matter jurisdiction, Ellis's

appeal is DISMISSED.

FACTS


       Ellis, a former federal prisoner who had been released on parole in August 1992, originally

filed a civil rights complaint against five individual defendants, alleging that he was entitled to

compensation for a disabling work-related accident that he suffered in January 1992, while he was

_____

       Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

still incarcerated. Ellis states that he fell from the top step of a six foot stepladder while painting a metal tool shed. He alleges that he injured his back and suffered severe internal injuries, including an aortic aneurysm, which required surgery and continuing medical care. On April 4, 1992, Ellis executed a Bureau of Prisons "Notice of Right to File for Compensation for a Work-Related Injury," and "Inmate Claim for Compensation on Account of Work Injury," pursuant to 18 U.S.C. §4126. Ellis alleges that Jeff Hays, Safety Manager at FCI Texarkana told him he would take care of processing Ellis's claim. On April 6, 1992, Ellis was transported to the prison medical facility at Rochester, Minnesota for tests to determine the extent of the aneurysm. On July 14, 1992, he was returned to FCI-Texarkana, and was released from federal custody on parole on Aug. 10, 1992. Ellis underwent surgery on his aorta on July 7, 1993.

In response to Ellis's §1983 claim, the defendants filed a motion to dismiss, alleging that the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. §4126, is the exclusive remedy for Ellis's claim and that Ellis had failed to exhaust his administrative remedies because he had not filed a claim under the IACA with the prison safety office or with the claims examiner. The defendants submitted a declaration from the Claims Examiner for the IAC Program in Washington, D.C. stating that no such claim had been received from Ellis. The district court dismissed Ellis's §1983 suit, and denied the defendants' motion to dismiss Ellis's §4126 suit, granting Ellis leave to amend his complaint. Subsequently, the magistrate judge determined that Ellis had failed to exhaust his administrative remedies and that the exhaustion requirement should not be excused because Ellis failed to ensure that his claim was properly and timely filed. The district court adopted the report and recommendation of the magistrate judge, granted the defendant's motion to dismiss, and dismissed Ellis's complaint without prejudice. Ellis filed a timely notice of appeal from the district court's judgment.

Ellis argues that the district court erred by dismissing his complaint for failure to exhaust his administrative remedies. He contends that he filled out the proper claim form with the assistance of Safety Manager Jeff Hays on April 4, 1992, and that Hays assured him that the claim would be

processed. Ellis asserts that after he returned to the prison from the Rochester medical facility in July 1992, but prior to his release in August of that year, he asked Hays about the status of his claim and Hays informed him that "it was all taken care of" and that Ellis "should be hearing something soon." He further contends that after he was released from prison, he wrote a letter inquiring about the status of his claim, but never received a response.

## DISCUSSION

The defendants filed a motion to dismiss, or, in the alternative, for summary judgment. Because the magistrate judge went beyond the parties' pleadings to examine the substantive evidence, the motion is treated as one for summary judgment. *National Association of Government Employees v. City Public Service Board of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir. 1994). We review a grant of summary judgment *de novo*, applying the same standard as did the district court. *Id*. We consider all evidence in the light most favorable to the nonmoving party. *Id.,* 40 F.3d at 713.

The inmate accident compensation system as set forth in 18 U.S.C. §4126 is the exclusive means of recovery for a prison-employee's work-related injuries. *United States v. Demko*, 385 U.S. 149, 87 S. Ct. 382, 17 L. Ed. 2d 258 (1966); *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980). The matter of awarding compensation of lost pay under the IACA is a matter for determination by the prison authorities, subject to the supervision of the Attorney General of the United States. *Thompson v. United States*, 492 F.2d 1082, 1083 (5th Cir. 1974)(citing 18 U.S.C. §4128. The decision of the prison authorities, once made, is conclusive in the absence of a showing that the decision was arbitrary or capricious. *Id*.

The IACA provides that an inmate's completed claim form shall be submitted to the Institution Safety Manager for processing no more than 45 days prior to the date of an inmate's release, and no less than 15 days prior to that date. 28 C.F.R. §301.303(a). The claimant shall then submit to a medical examination to determine the degree of physical impairment. 28 C.F.R. §301.303(c). Upon completion of the claim form by the physician conducting the impairment

examination, the form shall be returned to the Institution Safety Manager for final processing and shall then be forwarded promptly to the Claims Examiner in Washington, D.C. 28 C.F.R. §301.303(d).  When circumstances preclude submission as provided in paragraph (a), the claim may be accepted up to  60 days following release, and up to one year after release for good cause shown. 28 C.F.R. §301.303(f).

Notwithstanding the persuasiveness of Ellis's argument that he relied upon Hays's assurances that the claim had been properly processed, it is undisputed that no claim has ever been filed by anyone with the Claims Examiner in Washington, D.C..  An award of compensation under §4126 is a matter for determination by the prison authorities and this court reviews the prison authorities' decision only to determine if such decision was arbitrary and capricious. *Thompson*, 492 F.2d at 1084.  This court's jurisdiction is limited to reviewing a decision where a claim has been filed in accordance with the cited regulations.   Without such a filing, this court has no jurisdiction to consider the correctness of the trial court rulings complained of by Ellis.  Finding no jurisdiction, we must DISMISS this appeal.