# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2020

Lyle W. Cayce
Clerk

No. 18-11529

JAIME R. PEREZ,

      Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-652

Before OWEN, Chief Judge, and SOUTHWICK and OLDHAM, Circuit Judges.

PER CURIAM:*

Jaime Perez, a federal prisoner, filed a lawsuit under the Federal Tort Claims Act. He says he received inadequate medical treatment for an injury sustained at work in a prison electric shop. The district court dismissed for lack of subject-matter jurisdiction, holding that the Inmate Accident Compensation Act provides the exclusive remedy for Perez's claim. We agree.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11529

## I.

Perez is an inmate at the Federal Medical Center (the "Facility") in Fort Worth, Texas. According to his complaint, Perez fractured his wrist "while at work in the Facility's electric shop," where he was employed as an electrician. Perez alleges that the Facility's medical staff failed to "properly perform the necessary follow ups and treatment," causing him "to suffer through numerous surgeries and pain." So he sued the Government for $1,000,000 under the Federal Tort Claims Act ("FTCA").

The Government moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Perez's "exclusive remedy lies under the Inmate Accident Compensation Act" ("IACA"), 18 U.S.C. § 4126. That's because, the Government says, IACA's administrative procedure provides the "sole remedy for relief" for an injury that occurs while at work in a federal prison. The Government also contested Perez's version of events. Although the district court credited Perez's account of the accident, it agreed with the Government that the compensation scheme established in IACA was Perez's only path to compensation. The court granted the motion to dismiss. Perez timely appealed.

Our review is *de novo*. *See Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

## II.

We affirm. The text of IACA as well as precedent make it clear that the district court was correct—for Perez, it's the IACA compensation scheme or nothing at all.

## A.

Let's start with the text. IACA "authorize[s]" (but does not require) the Government to use certain funds to "pay[], under rules and regulations promulgated by the Attorney General, . . . compensation to inmates . . . for injuries suffered in any industry or in any work activity in connection with the

2

maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). Exercising power delegated by the Attorney General, the Board of Directors of Federal Prison Industries, Inc. (a government entity) promulgated regulations establishing a system for reviewing and administering inmates' claims for compensation. *See* 28 C.F.R. pt. 301.

The Supreme Court has explained that IACA and its corresponding regulations are a "comprehensive system to award payments for injuries." *United States v. Demko*, 385 U.S. 149, 151 (1966). Because "there is a compensation statute that reasonably and fairly covers a particular group of workers"—here, inmates at work—IACA "is the exclusive remedy to protect that group." *Id.* at 152. That means an inmate covered by IACA may not turn to the FTCA for relief. *Id.*

The dispositive question, then, is whether Perez falls within the class of workers covered by IACA. In other words, is his fractured wrist an "injur[y] suffered . . . in any work activity in connection with the maintenance or operation of the institution in which [Perez was] confined"? 18 U.S.C. § 4126(c)(4). We've previously held that "the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. Unit B Sept. 1980). If the injury occurs "on the job," a claim related to that injury falls within IACA. *Id.*

IACA applies here. The district court credited the allegations in Perez's complaint that he worked as an electrician at the prison's "electric shop," and that he fractured his wrist "while at work in the [F]acility's electric shop." Perez was therefore on the job when he was injured. So *Aston* tells us that Perez falls within the class of injured prisoners contemplated by IACA. (Precedent aside, this result is correct as a matter of common sense. Being at work *must* be a "work activity"—it's the work activity on which all other work activities are predicated.)

No. 18-11529

That's the end of the inquiry. Perez was injured in a work activity. He is therefore one of the group of workers whose FTCA claims were replaced by the administrative scheme promulgated under IACA.

B.

Perez counters that he is entitled to bring an FTCA claim because the IACA regulations preclude him from receiving any compensation. In particular, he says that he was actually injured while fighting outside of work—an assertion at odds with the allegations in his complaint. And because the regulations only provide for compensation for "work-related injuries," 28 C.F.R. § 301.101(b), not for injuries sustained during a fight, *see id.* § 301.301(d), he thinks he'd receive no money from the IACA process.

There is no evidence in the record that Perez ever tried to lodge a claim through the compensation scheme. But even if he had, and even if he had been unsuccessful, that would not change today's result.

The regulations promulgated under IACA offer compensation for certain "work-related injuries." *Id.* § 301.101(b). That term includes "any injury . . . proximately caused by the actual performance of the inmate's work assignment." *Id.* § 301.102(a). But it does not extend to "injuries suffered away from the work location (e.g., while the claimant is going to or leaving work, or going to or coming from lunch outside of the work station or area)." *Id.* § 301.301(c). Nor does it cover "[i]njuries sustained by inmate workers willfully or with intent to injure someone else, or injuries suffered in any activity not related to the actual performance of the work assignment . . . ." *Id.* § 301.301(d).

In other words, the Attorney General has used his discretionary authority to provide compensation for only a subset of injuries caused by a "work activity." An inmate who gets less money than he wants from the regulations may not turn to the FTCA for relief—he is covered by IACA, and IACA is exclusive. *See Demko*, 385 U.S. at 152–53 (rejecting the argument that

4

No. 18-11529

the FTCA remained available to inmates injured at work because IACA "was not comprehensive enough"); *Ellis v. Fed. Prison Indus.*, 95 F.3d 54, 1996 WL 460035, at *2 (5th Cir. July 30, 1996) (unpublished) ("The matter of awarding compensation . . . under the IACA is a matter for determination by the prison authorities, subject to the supervision of the Attorney General of the United States. The decision of the prison authorities, once made, is conclusive . . . ." (citation omitted)); *cf. Gill v. United States*, 641 F.2d 195 (5th Cir. Unit A Feb. 1981) (per curiam) (federal employee covered by the exclusive provisions of the Federal Employees' Compensation Act could not bring an FTCA claim for additional damages).

If Perez wants compensation, he must proceed through the IACA process. *See Thompson v. U.S. Fed. Prison Indus.*, 492 F.2d 1082, 1084 (5th Cir. 1974).

## III.

One issue remains. After the Government filed its motion to dismiss, and again after the motion was granted, Perez asked the district court for permission to amend his complaint to include the allegations that he was injured fighting outside of the electric shop. The district court denied both requests to amend. Perez says that was in error.

The Government contends that Perez has forfeited any argument about the denied requests because those orders are not mentioned in Perez's notice of appeal. We're not convinced. Perez's notice of appeal identifies the dismissal order as a basis for an appeal, and that order contains a justification for the denial of leave to amend. Particularly for a pro se plaintiff, that is sufficient to preserve the argument. *See* FED. R. APP. P. 3(c)(1)(B) (requiring that a notice of appeal "designate the judgment, order, or part thereof being appealed"); *Smith v. Barry*, 502 U.S. 244, 248–49 (1992) ("If a document . . . gives the notice required by Rule 3, it is effective as a notice of appeal.").

5

No. 18-11529

Still, reviewing the denial of leave to amend for abuse of discretion, *see Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 124 (5th Cir. 1996), we find no reason to reverse. District courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). But here, Perez's complaint, sworn under penalty of perjury to be true and correct, set out one set of facts. And, as the district court noted, the amended complaint sought "to wholly change th[ose] facts," with no explanation for the revision. "[J]ustice" does not "require[]" a court to suborn perjury. The district court correctly denied the motions to amend.

*      *      *

The FTCA is unavailable to Perez. Sovereign immunity therefore bars his suit against the Government, and the district court lacked subject-matter jurisdiction over the case. *See Freeman*, 556 F.3d at 334–35.

AFFIRMED.